which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective May 20, 1975 because she lost her employment through misconduct in connection therewith. Claimant's employment as a salesperson ended when she was discharged after she did not report to work and did not call in to explain her absence. Claimant admitted she did not contact her employer on the day in question because she was sick and slept through the entire day although she did not visit a doctor for her illness. There is substantial evidence to support the board's finding that claimant was discharged because she failed to notify her employer on the morning of May 19, 1975 that she would not be reporting to work. This action constituted misconduct in connection with her employment so as to disqualify her from receiving unemployment insurance benefits *(Matter of Roopsingh [Levine],* 48 AD2d 1011). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Koreman and Main, JJ., concur.

■  In the Matter of the Claim of CLARA LEPICIER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 18, 1974, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits because she was not available for employment within the meaning of subdivision 2 of section 591 of the Labor Law. Claimant, employed on Long Island as a bookkeeper, lost her job under nondisqualifying conditions and soon thereafter moved with her husband, who had just retired, to Hartwick, New York. The board found that claimant's efforts toward employment were insufficient and that claimant did not demonstrate her availability within the meaning of the statute. These factual findings were solely within the province of the board and, since they were supported by substantial evidence, they may not be disturbed *(Matter of Bennett [Catherwood],* 33 AD2d 946). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Koreman and Main, JJ., concur.

■  In the Matter of the Claim of WILLIAM STOLLER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 28, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective February 11, 1975 because he lost his employment through misconduct. The claimant failed to report for work on Saturday, February 8, 1975. He had access to a telephone but did not call the employer to advise him of his absence. The claimant was aware of the company rule which required advising the employer if he intended to be absent. He had been previously notified of his unsatisfactory attendance record. The issues are factual and there is substantial evidence to sustain the decision of the board. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Koreman and Main, JJ., concur.

■  In the Matter of the Claim of ANDRES LLANO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 1975 and resettled June 16, 1975, disqualifying claimant from benefits because he lost his employment through misconduct, and imposing a forfeiture because of a willful misstatement to obtain benefits. Claimant, a machine operator, was discharged for reporting to work with the odor of alcohol on his breath after having previously been warned not to do so. In a prior appeal *(Matter of*

*Llano [Levine]*, 46 AD2d 841), we remitted this case to the appeal board for a determination of whether claimant's conduct constituted misconduct in the light of *Matter of James (Levine)* (34 NY2d 491). On the present record, there is no evidence that claimant was guilty of drinking on the job. In fact, the board has specifically found that claimant's consumption of alcohol occurred on the previous evening. There is no evidence that claimant was intoxicated, or in any way impaired so as to create a dangerous situation or affect his ability to function. In *Matter of James (Levine) (supra,* p 497), by contrast, the claimant reported to work "under the influence of alcohol". Moreover, the claimant in *James* was in a position where she had contact with customers. Here, there is no testimony that claimant had contact with customers or made the working environment unpleasant for coemployees, and the board has not found that the mere odor on claimant's breath adversely affected the employer's interests (see *Matter of Paulsen [Catherwood]*, 27 AD2d 493). In fact, claimant has testified without contradiction that he was not discharged until the end of the work day, which suggests that claimant's "condition" was not adverse to his employer's interests. It may well be said that claimant's personal traits provided a basis for discharge, but unless those traits rise to the level of misconduct, they are not a proper basis for the denial of unemployment insurance benefits (see *Matter of Raven [Levine]*, 40 AD2d 128, 129). Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Sweeney, Koreman and Main, JJ., concur.