In the Matter of the Claim of MANGER ROBERT, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, January 27, 1977

*Manger Robert,* appellant *pro se.*

*Louis J. Lefkowitz, Attorney-General (Edward Moss, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

HERLIHY, J. This is probably one of the first instances in which a claimant has been found guilty of misconduct because of "bad breath". The claimant appeared *pro se.*

The claimant has been found guilty of misconduct because of "bad breath" under circumstances similar to those present in *Matter of Llano (Levine)* (51 AD2d 620) but upon factual findings which upon their face would appear to establish a different basis for the disqualification from benefits than the *Llano* case. The claimant appeared *pro se* in all proceedings herein. He had been employed as a handyman in an apartment building for about seven years before the employment ended on April 30, 1976. In a summary of interview dated May 28, 1976 the claimant stated that he had been told about "tenant" complaints and that there had been no warnings of such complaints in at least three years. The same summary contains the comments of the interviewer which recites that he called someone who told him that the claimant was discharged because of "drinking on the job" and "not doing his work properly".

On May 28, 1976 the local office mailed a notice to the claimant that he was disqualified from benefits because of misconduct based upon "drinking on the job" and "not doing work assigned to you". The claimant filed an objection to the initial determination on or about June 8, 1976 which stated as the basis therefor, "I disagree". The record on appeal (which consists of a file from which some documents are omitted) does not contain the customary hearing notice and thus, we are unaware of what such a notice might have told the claimant. The record contains a statement on behalf of the respondent Industrial Commissioner dated June 9, 1976 which as a state-

ment of position recites that the "claimant caused his discharge by his behavior on the job which caused tenants to complain" and says the claimant "admits that there had been warnings and complaints for three years". Suffice it to note that the record does *not* contain any such admission by claimant as was alleged by the statement of position and the summary of interview dated May 28, 1976 said exactly the opposite of the alleged admission.

The referee on June 28, 1976 conducted a hearing at which the only appearance was the claimant, *pro se.* The transcript of the hearing contains a statement by the referee that he had made a statement "outlining the issues herein"; however, the record contains no such statement. The referee examined the claimant at some length (nine and one-half pages of testimony) and whether the questions were subtle or direct, the claimant denied any drinking on the job and of *conduct* on his part which would even remotely be deemed *mis*conduct. Indeed, the record is totally devoid of any evidence of anything other than the claimant's equivocal statement that on occasions he drank alcoholic beverages while off duty and that at some *unspecified* time in the past his immediate supervisor had complained of smelling whiskey on his breath. The claimant affirmatively testified that in the last six months his supervisor had not talked about drinking but he said the supervisor "might get a smell".

The referee found that "tenants" had complained to the employer about alcohol on claimant's breath and he was warned about it, but continued to have breath smells of "liquor on Monday morning" which caused his discharge. The record was discussed above. It is quite clear that the referee completely departed from the allegation of the local office as to the cause of the firing and that the claimant was interrogated with a view to developing anything which might be a reason for the termination of employment. It would be doubtful that in the present case there is sufficient notice to the claimant to sustain the determination based upon bad breath. In any event, there is absolutely no evidence that tenants were complaining of the claimant's whiskey breath and/or that he was discharged for that reason.

The claimant filed an appeal from the referee's decision and it is apparent from his reasons for appeal that he did not understand that the allegation of drinking on the job or refusing to do his work was abandoned at the referee hearing.

The board affirmed the referee by adopting his finding of fact and opinion as to misconduct. The claimant's brief upon the appeal demonstrates that he still believes that the issue concerns his employer's allegation of misconduct.

The brief filed on behalf of the respondent upon this appeal makes several allegations as to facts contained in the record; however, it is clear that the claimant at no time conceded "that during the day his breath smelled of alcohol"; that "immediately prior to his discharge claimant was warned a number of times about drinking on the job"; that "the employer received many complaints from tenants * * * about his performance", or that the claimant was discharged because of drinking on the job. At most, the claimant did not say with certainty that his breath would not occasionally have a whiskey odor.

The claimant was not discharged for having a whiskey breath. It is thus apparent that the decision attempts to penalize the claimant for something the employer did not charge and, accordingly, there is no proof of misconduct which caused discharge. Assuming that the claimant was discharged because of a whiskey breath, there is nothing in this record to establish that it was misconduct as being the violation of a reasonable order. The cases of *Matter of Fahy (Catherwood)* (29 AD2d 712) and *Matter of Poveda (Catherwood)* (28 AD2d 781) relied upon by the respondent were supported by evidence of intoxication which is lacking in the present case.

The decision should be reversed, with costs, and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

KOREMAN, P. J., SWEENEY, MAHONEY and LARKIN, JJ., concur.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.