■ In the Matter of the Claim of STANLEY GREENBERG, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 2, 1978, which reversed so much of the decision of a referee as found that not all benefits paid to claimant were recoverable and sustained the initial determination of the Industrial Commissioner ruling these benefits to be recoverable overpayments. Although arising from a somewhat involved factual and procedural background, the dispositive legal issue presented on this appeal is whether the board correctly applied subdivision 4 of section 597 of the Labor Law in concluding that all unemployment insurance benefits paid to claimant were recoverable. In relevant part, that subdivision provides that: "Whenever a new determination in accordance with the preceding subdivision or a decision by a referee, the appeal board, or a court results in a decrease or denial of benefits previously allowed, such new determination or decision * * * shall not affect the rights to any benefits already paid under the authority of the prior determination or decision provided they were accepted by the claimant in good faith and the claimant did not make any false statement or representation and did not wilfully conceal any pertinent fact in connection with his claim for benefits." Claimant received benefit payments over an eight-month period between January and September of 1975, but did not inform the local office about his endeavors in the field of self-employment. Those activities had commenced in July of that year and a referee determined that claimant's failure to disclose them constituted a wilful misrepresentation to obtain benefits warranting the recovery of all subsequent payments (see Labor Law, § 594). However, the board reasoned that such a misrepresentation fell within the terms of the quoted subdivision and authorized the recovery of all benefits paid to claimant throughout the entire period of his claim. We disagree with the board and reverse its decision. Section 594 of the Labor Law mandates the return of benefits paid to claimants as the result of a wilful misrepresentation. Section 597 of that law, on the other hand, generally imposes a one-year time limitation on the reviewability of determinations granting benefits, except in cases of fraud or wilful misrepresentation (Labor Law, § 597, subd 3). Since claimant did not appeal the referee's finding that a violation of section 594 had taken place in July of 1975, there can be no dispute concerning the recoverability of later payments under its provisions. However, the board has made no finding that fraud or a wilful misrepresentation occurred at any time prior thereto. More importantly, assuming the one-year limitation was met, it has made no findings that claimant received benefits during the contested period in bad faith or upon a false statement or a wilful concealment of pertinent fact. Although he was ineligible to receive such payments for reasons not at issue on this appeal, the predicates necessary to invoke section 597 have not

been established. The board's conclusion that causality is not an element of section 597 overlooks and fails to appreciate the proper relationship between that provision and section 594 (see *Matter of Marder [Catherwood]*, 16 AD2d 303). Accordingly, its decision lacks substantial evidentiary support and is without a rational basis. Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Staley, Jr., Main and Herlihy, JJ., concur.