■ In the Matter of the Claim of JEAN A. STETZ, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 1, 1977, which affirmed the decision of a referee modifying an initial determination of the Industrial Commissioner and holding claimant ineligible to receive benefits effective December 22, 1975 because she was not available for employment, charging her with an overpayment of $4,235 in benefits ruled recoverable; and holding that she willfully made false statements to obtain benefits by reason of which a forfeiture of 16 effective days was imposed as a penalty in reduction of her future benefit rights. Claimant was employed as a clerk until December, 1975 when she was terminated under nondisqualifying conditions. Although she was approximately three months pregnant at the time she filed for unemployment benefits, she stated on a form when filing for benefits that there were no present conditions which might make her unable to work during the next 52 weeks such as a need for hospitalization or other circumstances. Claimant also certified that she was available for work on the three days she was hospitalized for the birth of her child. It was admitted by claimant that during the entire time she was receiving benefits she had made no independent search for work. There is substantial evidence in the record to support the board's finding that claimant was unavailable for employment and that she had made willfully false statements to obtain benefits both at the time she first filed for benefits and for the week during which she was hospitalized. Consequently, the board's imposition of a forfeiture of 16 effective days as a penalty in reduction of future benefit rights should not be disturbed. Concerning the overpayment of $4,235 in benefits to claimant ruled recoverable, section 594 of the Labor Law provides that a claimant shall refund all moneys received because of a willfully false statement made to obtain benefits. The board could properly rule recoverable the benefits paid to claimant while she was hospitalized for the birth of her child as her willfully false statement that she was then available for employment resulted in her obtaining benefits during that time. Claimant's statement when she filed for benefits that she knew of no present condition which might make her unable to work during the next 52 weeks, however, did not result in her receipt of benefits which would have been denied her had she answered truthfully. If claimant had stated originally that she was pregnant she would still have been entitled to benefits. The fact that a claimant is pregnant does not automatically disqualify her from receiving benefits (Matter of Evans [Lubin], 5 AD2d 737). Consequently, the benefits paid to claimant cannot be recovered on the basis of her statement regarding her future ability to work. The board found no other willfully false statements made by claimant. It is to be noted, however, that any benefits paid to claimant pursuant to the Emergency Compensation Act of 1974 are recoverable irrespective of whether they were or were not obtained by willful misrepresentation (Matter of Chiaiese [Ross], 54 AD2d 1013). Decision modified, by reversing so much thereof as ruled recoverable the overpayment of $4,235 in benefits to claimant, matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.