■ In the Matter of the Claim of HYLENE BEAL, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 19, 1977. Claimant was employed as a tax examiner until March 15, 1976 when she was laid off due to a seasonal reduction in work force. The board's finding that

claimant lost her employment under nondisqualifying conditions is not disputed on this appeal. Claimant filed for benefits, effective March 16, 1976, and received a total of $1,303.50 in benefits through August 8, 1976. The board found that from March 16, 1976 through July 18, 1976 and from September 16, 1976 through October 11, 1976, claimant made only random job contacts within one-half hour travel time from her home; that claimant was hospitalized from July 19 through July 30, 1976 and was not able to work thereafter until August 2, 1976; and that from August 2, 1976 through September 15, 1976, claimant did not look for work because she expected to be recalled by her employer. It was concluded by the board that claimant was not available for employment during the several periods in issue beginning March 16, 1976. The board also held that the $1,303.50 paid in benefits to claimant was recoverable on the ground that claimant falsely and willfully certified that she was ready, willing and able to work during the weeks that she was in the hospital. By reason of claimant's willfully false statements, a forfeiture of 87 effective days was imposed in reduction of her future benefit rights. The issue of availability is one of fact for the board's determination and, if supported by substantial evidence, the board's finding on said issue may not be disturbed (*Matter of Simone [Levine]*, 53 AD2d 768). Whether claimant's narrowing of the geographic area in which she was willing to work disqualified her from receiving benefits, also raised a question of fact for the board (*Matter of Dricks [Levine]*, 51 AD2d 839). Upon examination of the record, we are of the view that there is substantial evidence to support the board's finding that claimant was unavailable for employment during the periods in issue. Claimant contends that the board improperly ruled that the $1,303.50 in benefits paid to her was recoverable because she falsely and willfully certified to her availability for employment during the time she was hospitalized or otherwise unable to work due to illness. We agree. No finding was made by the board as to a specific fraud or willful misrepresentation occurring prior to claimant's hospitalization. Nor was any finding made that claimant received benefits during the contested period in bad faith or upon a false representation or a willful concealment of a pertinent fact in connection with her claim. Consequently, the board's decision ruling the entire overpayment of $1,303.50 recoverable lacks substantial evidentiary support and is without a rational basis (*Matter of Greenberg [Ross]*, 65 AD2d 659). Decision modified by reversing so much thereof as ruled the overpayment of $1,303.50 in benefits recoverable; matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.