■ In the Matter of the Claim of JOSE A. ROBLES, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Decision affirmed, without costs. No opinion. Mahoney, P. J., Greenblott, Kane and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). The employer's witness, James Belotti, the claimant's supervisor, stated that claimant was a food service worker and that he was terminated on July 18, 1977 because Mr. Belotti found him sitting in the park, across the street from where he was working, during his lunch hour, drinking a can of beer. There was no claim that the employee's functions or abilities were in any way affected by alcohol. The employee denied drinking beer and denied that his actions were in violation of any company rule or regulation. A subsequent adjournment of the proceedings failed to produce any rule or regulation forbidding the claimant's leaving the premises during his lunch break and drinking beer while on lunch. The only rule produced came from a contract in effect from 1973 to 1976. It prohibited drinking on the employer's premises and appearing on the employer's premises while under the influence of alcohol. The prior contract had no restrictions on leaving the premises during the lunch hour. No new regulation restricting an employee from leaving the premises during his lunch hour and having any intoxicants while off the premises was produced despite the adjournment and a direction by the hearing officer to the employer to bring in a copy of such a rule if there be one. Mr. Belotti had on an earlier occasion forbidden the claimant from leaving the premises during lunch under the assumption that the labor contract forbade this. The claimant was on the labor negotiating team for employees to effect a new labor contract and said no such rules were in the new contract. The adjournment disclosed that a new contract between the employer and employees had not yet been finalized. The board found that claimant lost his job because of misconduct. The record failed to disclose by substantial evidence any misconduct on the part of the claimant. What an employee does on his own time is not subject to the control of the employer. Whether the board believed the employer or employee as to claimant's consumption of a can of beer while on a lunch break is irrelevant. Since claimant was not under the influence of alcohol, his actions did not adversely affect the interests of the employer and do not constitute misconduct *(Matter of Llano [Levine],* 51 AD2d 620). The claimant may have used better sense in clarifying his right to leave the premises during lunch so as not to antagonize his superior but his failure to do so is not misconduct. The decision should be reversed.