█ In the Matter of the Claim of CYNTHIA ROBERTS, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, dated March 22, 1978, which charged claimant with an overpayment of $507.50 in benefits deemed recoverable and a forfeiture of eight effective days. Claimant is a school teacher who became a per diem substitute at East Ramapo Central School District after her full time position there was terminated on March 31, 1977. Claimant thereafter applied and received unemployment benefits. Claimant marked her claim book "N" (available to work as a substitute but not called) for May 20, 25 and 26. She continued to receive benefits totaling $507.50 through the next five months. In October, the school district reported that claimant had in fact been offered employment on those three days in May but that she had declined to work. At a hearing called to investigate this discrepancy, claimant admitted that she could not remember any details about the days in question. However, she produced her own personal work diary which showed nothing for May 25 and 26, but indicated that claimant was unavailable to work on May 20. The referee concluded that claimant had willfully misrepresented her work status on those three days despite claimant's assertion that any discrepancy resulted from an innocent mistake in transcribing her work record from her personal work diary to her claim book. Claimant was, therefore, charged with an overpayment of $507.50 in benefits deemed recoverable and a forfeiture of eight effective days. On appeal, claimant has abandoned her challenge to the

factual finding of the referee and instead argues that her rights were prejudiced by the school district's failure to file the relevant employer record form for the days in question until five months later. The failure of the employer to comply with regulations of the Unemployment Insurance Division cannot and does not preclude recovery of overpayments attributable to willful misrepresentation. However, claimant must refund only those benefits received "because of such false statement or representation made by her" (Labor Law, § 594). Since the misrepresentation pertained only to claimant's availability for work on three days and did not affect her original eligibility for unemployment benefits, the refund must necessarily be limited to three days of benefits (cf. *Matter of Stetz [Ross]*, 65 AD2d 838). Decision modified, by reversing so much thereof as ruled recoverable the overpayment of $507.50 in benefits to claimant, matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Helihy, JJ., concur.