■ In the Matter of the Claim of FRED ABRAMOWITZ, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 25, 1980. By initial determination, claimant was ruled ineligible to receive benefits

effective June 18 through July 19, 1979 on the ground that he was not available for employment. During this time claimant resided in Miami Beach, Florida. The referee sustained the initial determination. By decision filed December 5, 1979, the board affirmed the decision of the referee finding that during the period in issue claimant made approximately 20 job contacts the majority of which were by phone because he had no automobile available to him. In a decision filed January 25, 1980, the board on its own motion, reopened for reconsideration its decision filed December 5, 1979, rescinded that decision, and dismissed claimant's appeal on the ground that he did not appear at the hearing. On this appeal, it is conceded by respondent that claimant did have a right to appeal notwithstanding his failure to appear at the hearing and that the board's decision of January 25, 1980 was in error. Consequently, the board's decision filed January 25, 1980 must be reversed leaving for review the decision filed December 5, 1979 (see *Matter of Piro [Ross]*, 76 AD2d 392). Whether a claimant's efforts to secure employment are sufficiently diligent to establish availability is a question of fact for the board's resolution and its determination must be sustained if based upon substantial evidence *(Matter of Oestreicher [Levine]*, 52 AD2d 706). Considering the present record in its entirety, we conclude that there is substantial evidence to support the decision of the board filed December 5, 1979 and, therefore, it must be affirmed. Decision filed January 25, 1980 reversed, and decision filed December 5, 1979 affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.