■ In the Matter of the Claim of THOMPSON B. McCUNE, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 10, 1980, which reversed the decision of an Administrative Law Judge and sustained the initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective July 29 through December 12, 1976 and effective March 21 through November 13, 1977 because he was not totally unemployed and charging him with an overpayment of benefits ruled to be recoverable. Claimant is a director and stockholder of Columbia Block Co., Inc. (Columbia), a small manufacturer of concrete blocks. The company's board of directors unanimously appointed claimant president on January 1, 1976. He served in this capacity for 20 weeks ending in May, 1976 when the board of directors terminated his employment. Claimant filed his initial claim for benefits on May 31, 1976 and collected unemployment benefits from July 29, 1976 to December 12, 1976. In December of 1976 claimant was rehired by the corporation and was discharged 16 weeks later. Claimant again filed for unemployment benefits and collected them from March 21, 1977 through November 13, 1977. By notices of recoupment dated March 7, 1978 the Industrial Commissioner notified claimant that he was charged with willful misrepresentation of total unemployment, alleging that claimant was actively engaged in furthering the business of Columbia while collecting benefits. On May 1, 1979 an Administrative Law Judge found that claimant's initial application for benefits did not involve any willful misrepresentations. On the Industrial Commissioner's appeal to the board, this decision was reversed, the board finding that claimant carried on significant business activities during the periods in which he was collecting benefits and that he willfully concealed the extent and degree of these activities. Accordingly, claimant was charged with a recoverable overpayment of $4,940 in benefits. This appeal ensued. Subdivision 3 of section 597 of the Labor Law requires a finding of willful misrepresentation in order to permit review of a determination regarding a benefit claim more than one year after the date the determination was issued. Claimant contends that the record does not contain substantial evidence to support the board's finding of willful misrepresentation. We agree. Arguably, there is substantial evidence in the record to support a finding that claimant engaged in activities which ordinarily would disqualify him from receiving

benefits during 1976 because of a lack of total unemployment. Nevertheless, the record does not support a finding that claimant willfully misrepresented the nature and degree of his activity with Columbia. The record in the instant case does not contain claimant's initial statements to the unemployment officers in 1976, nor does it contain the transcript of a hearing held on this very issue in that same year. Moreover, hearings held before the board and findings of fact derived therefrom were not included in the record. The inclusion of this information in the record is essential to a determination of claimant's willful misrepresentation and without it the board's determination as to such misrepresentation is irrational and must be reversed. Thus, review of the determination granting benefits from July through December of 1976 is proscribed by statute. Next, we turn to claimant's contention that there is a lack of substantial evidence to support the determination of the board that claimant was not totally unemployed or available during the period of March 21, 1977 to November 13, 1977. We disagree. What constitutes total unemployment is a factual issue for the board *(Matter of De Vivo [Levine],* 51 AD2d 619). There is ample evidence in the record indicating that claimant continued his responsibilities in the corporation's business and under these circumstances the board could find that claimant lacked total unemployment *(Matter of St. Germain [Ross],* 78 AD2d 565). Subdivision 4 of section 597 of the Labor Law prohibits the recoupment of benefits previously allowed and already paid unless the claimant has made a false statement or representation in his claim for benefits. In the instant case, there is substantial evidence to support a finding that claimant did make a false representation with respect to his employment status when refiling for benefits on August 2, 1977. Accordingly, with regard to benefits received by claimant during the period of March 21, 1977 to November 13, 1977, only those benefits received after claimant's false statement on August 2, 1977 are recoverable *(Matter of Greenberg [Ross],* 65 AD2d 659). Decision modified, by reversing so much thereof as sustained the initial determination of the Industrial Commissioner with respect to the benefit period of July 29 through December 12, 1976 and ruled benefits paid during the period of March 21 to August 2, 1977 to be recoverable, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.