◼ In the Matter of the Claim of MARIE N. MONEREAU, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 29, 1982, which ruled that claimant was ineligible to receive benefits and charged her with a recoverable overpayment of benefits. Claimant, a college graduate with a master's degree in psychology, lost her employment as a counselor at a State correctional facility under nondisqualifying conditions. Her claim for benefits

was approved and a benefit rate of $116 per week was established. This rate was based on four effective days per week. Claimant initially received benefits for the week ending January 31, 1982 and continued to receive benefits up to and including the week ending May 16, 1982. Claimant was pregnant at the time she applied for benefits and, on January 31, 1982, she entered the hospital. She gave birth the next day and was discharged from the hospital on the morning of February 3, 1983. That same day, claimant reported to the local unemployment insurance office and indicated on her calendar insert that she was available for work on all of the days of the previous week, including the two days she was hospitalized. During the time claimant received benefits, she consistently certified that she was available and searching for employment. After a hearing, a referee found that claimant was unavailable for work on the two days she was in the hospital and that her certifications to the contrary were willful misrepresentations. Accordingly, $58 in benefits received for those two days were ruled to be recoverable and claimant was penalized eight effective days. Claimant did not appeal that portion of the referee's decision and, therefore, it is final (Labor Law, § 623). The referee also reversed an initial determination of the commissioner which held that claimant was unavailable for work during the period after she was discharged from the hospital. On appeal by the commissioner, the Unemployment Insurance Appeal Board held that claimant was not available for employment after February 2 because she did not conduct an active in-person search for work, had not made adequate child care arrangements, and had no means of transportation to conduct an independent search for work. The board further held that claimant's willful misrepresentation regarding her hospitalization rendered recoverable the entire sum of benefits paid from the week ending February 7 through the week ending May 16 (Labor Law, § 594). Claimant appeals. The issues of availability and search for employment are questions of fact to be resolved by the board and its determination must be sustained if supported by substantial evidence (*Matter of Abramowitz [Ross]*, 78 AD2d 562; *Matter of Beal [Ross]*, 67 AD2d 1026). Evidence introduced at the hearing indicated that the woman with whom claimant asserted she had made child care arrangements had gone back to work and was unavailable to care for claimant's child. Also, claimant admitted that her job search consisted solely of mailing 15 to 20 resumés over a four-month period. Finally, while claimant testified that her husband could drive her to possible interviews, the evidence also indicated that the family had only one car which claimant's husband used for transportation to his full-time job. In our view, this evidence, while not conclusive, supports the board's conclusion that claimant was unavailable for work. More troublesome is the issue of whether the benefits paid from the time claimant was discharged from the hospital are recoverable. Benefits improperly paid are recoverable if received due to a willful false statement or representation by a claimant (Labor Law, § 594).[*] However, such a recovery is limited to benefits received as a result of the willful false statement or representation (*Matter of Roberts [Ross]*, 71 AD2d 709; *Matter of Stetz [Ross]*, 65 AD2d 838). The board held that, because of the false certification regarding claimant's availability during her hospitalization, all of the subsequently received benefits are recoverable. We disagree. There is no rational basis for finding that the benefits were received as a result of the false certification. Had claimant properly indicated that she was unavailable for work by marking an "O" on

---

[*] We note that subdivision 4 of section 597 of the Labor Law has recently been amended to provide the commissioner with a right of action for benefits improperly paid regardless of whether they were received due to a willful misrepresentation (L 1983, ch 415, § 9). Since this statutory provision is not raised, we need not address the issue of its applicability to this case.

her calendar insert, she would not necessarily have been denied later benefits (see *Matter of Stetz [Ross], supra).* Moreover, there is no logical connection between claimant's false certification that she was available for work on the days she was in the hospital and the conclusion that, subsequent to that time, she failed to make adequate child care arrangements, conduct an adequate job search, and make appropriate transportation arrangements. Therefore, we conclude that the benefits received after claimant's discharge from the hospital were not the result of her false certification regarding her hospitalization and are, thus, not recoverable. Finally, although the board did not raise this point, we note that claimant's weekly certifications subsequent to her discharge from the hospital that she was available for work cannot serve as a basis for recovery of the benefits paid. The fact situation does not indicate that such certifications were so clearly inaccurate as to constitute willful false statements, but were, at most, incorrect conclusions regarding technical interpretations of provisions of the Labor Law (see *Matter of Valvo [Ross],* 57 NY2d 116). In conclusion, we leave undisturbed so much of the board's decision as held that $58 in benefits paid for the two days claimant was in the hospital are recoverable and imposed a penalty of a forfeiture of effective days therefor. However, we reverse so much thereof as held that benefits paid after claimant's discharge from the hospital are recoverable. Decision modified, by reversing so much thereof as found the benefits paid to claimant after she was discharged from the hospital to be recoverable, matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.