■ In the Matter of the Claim of ANNA KOSSARSKA-GOETZ, Appellant. COMMISSIONER OF LABOR, Respondent. [975 NYS2d 820]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 20, 2012, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not available for employment.

Claimant filed a claim for unemployment insurance benefits in 2009. On December 26, 2010, claimant traveled to Poland to care for her mother. The Unemployment Insurance Appeal Board ultimately determined that claimant was ineligible to collect benefits effective December 26, 2010 on the ground that she was unavailable for employment as of that date. Claimant was also charged with a recoverable overpayment and a forfeiture penalty was imposed. Claimant now appeals and we affirm.

Substantial evidence supports the Board's determination that claimant was ineligible to receive unemployment insurance benefits effective December 26, 2010 because she was unavailable for employment. The record reflects that claimant left the country on that date and remained in Poland until September 2011. Claimant had received an unemployment insurance handbook advising her that she must be ready, willing and able to work and that she would be ineligible for benefits if she were "not prepared to take a job immediately." Further, the handbook states that claimant must contact the Department of Labor to discuss her eligibility for benefits if she ever left her normal labor market and a failure to do so could result in a denial of benefits. Claimant admittedly did not contact the Department concerning her leaving the country. Her contention that she was available to start a job immediately raised a question of fact for

the Board to resolve and since that finding is supported by substantial evidence, it may not be disturbed (*see Matter of Monereau [Roberts]*, 98 AD2d 827, 828 [1983]; *Matter of Troiano [Ross]*, 53 AD2d 788, 788 [1976]; *Matter of Lepicier [Levine]*, 51 AD2d 620, 620 [1976]). Further, claimant admitted that she probably received but did not read the requirements in the handbook regarding availability for employment prior to certifying for benefits during the time that she was in Poland. Under these circumstances, the Board's factual conclusion that claimant made willful misrepresentations in order to receive benefits is supported by substantial evidence and will not be disturbed (*see generally Matter of Smith [Commissioner of Labor]*, 107 AD3d 1287, 1288 [2013]; *Matter of Sferlazza [Nassau Community Coll.—Commissioner of Labor]*, 69 AD3d 1184, 1185 [2010]).

Peters, P.J., Spain, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.