In the Matter of the Claims of CATHERINE RINALDI et al., Respondents. GENERAL OFFICE SERVICE BUREAU, Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent.— An appeal from a decision of the Unemployment Insurance Appeal Board dated October 3, 1952, which granted appellant's application to reopen and reconsider the board's decision of July 12, 1951, and upon such reconsideration adhered to the earlier decision. That decision had found appellant, William Fritzhand, and his predecessors subject as covered employers to the taxing provisions of Unemployment Insurance Law (Labor Law, art. 18) from August 20, 1948, and claimants entitled to benefits as employees. Operating as General Office Service Bureau, Fritzhand and another began business May 15, 1948, supplying to clients office workers on a part-time basis. Contact with such workers was made through advertisements in newspaper "help wanted" columns and otherwise. Prospective workers were interviewed at the bureau office and there filled out cards indicating their training, experience, time available and preference of locality for work. These cards were filed by the bureau. The latter fixed the hourly rate of pay, which was less than the rate charged clients for the services supplied, the spread between the two rates representing the bureau's over-all profit. When a client called for help on a temporary basis, a worker whose card showed appropriate training and experience was directed to report to that client for the period of hours or days requested by the latter. At the conclusion of the assignment the worker reported to the bureau the time engaged, for which the client was billed at an agreed rate. The worker was paid by the bureau each week at her basic rate for the number of hours worked, less withholding for income and social security taxes. In one instance claimant Buska was sent out on a four-hour assignment, which turned out to be for three hours. On reporting that fact to the bureau she was advised that she would be paid for the full four-hour service, and was so paid. On the hearing before the board Fritzhand testified that that was the bureau's procedure and that a worker would be paid even though the client failed to pay the bureau. While the nature of the work performed by claimants did not permit direct oversight and

control by the bureau, if the client reported the service unsatisfactory, that worker was not subsequently sent out on assignments. These claimants filed for benefits in 1949 on 1948 payments from the bureau. An initial determination was made that they were not entitled to their benefits on such earnings. After hearing requested by claimants a referee's decision was made holding them to be employees of the bureau. On appeal the board, by decision of September 11, 1950, modified but in effect reversed the referee's decision. Claimants then applied for a reopening, which was granted. Thereafter the board held hearings and received additional testimony, rendering the decision of July 12, 1951, already referred to. No appeal was taken from that decision but on September 16, 1952, appellant applied to the board to reopen and reconsider that decision. The appellant argues that, the board having no power to modify or rescind a decision, its decision of September 11, 1950, should be here considered as the board's decision and affirmed as being based on sufficient evidence. We do not agree. Section 534 of the Unemployment Insurance Law vests the board with power to modify or rescind a decision on its own motion or upon due application to it. (*Cf. Matter of McSweeney* v. *Hammerlund Mfg. Co.*, 275 App. Div. 447.) It is clear that there was sufficient evidence to support the finding of the Appeal Board in these cases that claimants were in fact the employees of appellant. Decision of the Unemployment Insurance Appeal Board affirmed, with costs to the Industrial Commissioner. Foster, P. J., Coon, Halpern and Imrie, JJ., concur; Brewster, J., taking no part. [See 282 App. Div. 844.]