■ In the Matter of the Claim of RICHARD BARRI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal by claimant from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1974, which reversed a referee's decision in favor of claimant and sustained the Industrial Commissioner's initial determination ruling claimant ineligible for benefits on the ground that he lacked total unemployment, charging him with a recoverable overpayment and imposing a forfeiture penalty for willful misrepresentations. Claimant requested a hearing after respondent Industrial Commissioner issued his initial determination disqualifying him from receiving benefits. The referee rendered his decision on October 23, 1973, finding that claimant was totally unemployed during the period in question and overruling the initial determination. On November 13, 1973 respondent Commissioner filed a notice of appeal with the Unemployment Insurance Appeal Board. This was 21 days after the referee's decision was filed. No further evidence or additional testimony was presented to the board and it issued a determination that claimant had, in fact, been employed during the period involved and was not entitled to benefits received. On this appeal, claimant contends that the board lacked jurisdiction to entertain respondent's appeal because it was not timely filed pursuant to subdivision 1 of section 621 of the Labor Law which provides that the Industrial Commissioner may appeal to the appeal board within 20 days after the mailing or personal delivery of notice of the referee's decision on contested benefit claims. The sole evidence to support the fact that the appeal by the Commissioner herein was filed 21 days after the referee's decision was filed is a notice of appeal which bears the Unemployment Insurance Appeal Board's stamp as of November 13, 1973. The record reveals, however, that the notice of appeal is dated November 9, 1973. Pursuant to the provisions of subdivision 1 of section 621 of the Labor Law the notices of appeal are to be filed in the "local state employment office". Consequently, it is not reasonably apparent that the Unemployment Insurance Appeal Board stamp would be proof of the date when the notice of appeal was filed. Furthermore, it does not appear that the board has prescribed any rules or regulations which would vary the place where the initial filing of an appeal should occur when such appeal is taken by the Industrial Commissioner. (See Labor Law, § 621, subd 1.) Upon the present record, the claimant has done nothing more than to submit an allegation that the appeal from the referee's decision was not timely filed. The brief of the respondent does not concede an untimely filing but merely argues that a lack of a timely appeal would not invalidate the board's decision because of the board's continuing power to modify or rescind the referee's decision. Upon the merits, the record establishes that the question of total unemployment was one of fact for the board, and the record contains substantial evidence to support the board's decision. It does not appear that the claimant raised any issue as to untimeliness prior to the issuance of a decision by the board and, in the event, should the claimant desire to submit such issue, the proper remedy is to apply to the board for a redetermination of its decision based upon facts relating to the timeliness of the appeal. Decision affirmed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.