■ In the Matter of the Claim of DIANA L. AQUILINA, Respondent. NEW YORK TELEPHONE COMPANY, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 29, 1977. The claimant voluntarily resigned her employment with the appellant and the sole issue in the administrative proceeding has been whether or not her resignation was for good cause so that she would not be disqualified from benefits. The issue raised upon this appeal is whether or not the decision of the board is supported by substantial evidence. At a hearing held on July 28, 1976 the claimant stated that she understood that she was initially hired as· a temporary employee for a six-month period and would not receive any fringe benefits unless she was made permanent. She testified: "It was explained to me that * * * if I was OK as an operator I would be made permanent after a time, otherwise I would be * * * laid off." The claimant further testified at that hearing that when hired she had been definitely promised she would be a permanent employee at the end of six months. A prior hearing was held on November 19, 1975 and at that hearing the claimant testified that she had been definitely promised when hired that she

would either be laid off at the end of six months or made a permanent employee. The claimant testified that the six-month period ended on March 30, 1975 and although still employed she was not given any assurance by management that she was permanent or what her status was and she became frustrated and quit. She wanted the status of permanent employee so she could apply for certain company benefits available only to permanent employees. The claimant stated at this hearing that her leaving "wasn't a question of money". It should be noted that the record establishes that the employer did not at the end of the six-month period offer to make the claimant a permanent employee and, in response to claimant's inquiries, it did not offer to discharge her. The board has found that the unilateral decision of the employer to breach the original hiring agreement by not discharging the employee at the end of the six-month period and also by not then making her a permanent employee constituted good cause for leaving the employment. The board found that the status of permanent employee would give the claimant certain fringe benefits not otherwise available to her and the claimant did testify that she was concerned about such benefits. The issue of *good cause* is factual and upon this record it cannot be said that there was a lack of substantial evidence to support the finding of cause *(Matter of David [Ross],* 55 AD2d 770). Nevertheless, there is no evidence in this record that the breach of contract by the employer in any way affected the working conditions of the claimant or her wages and there is absolutely no prejudice to her position as a wage earner. The claimant testified that she was to be discharged from employment if not made permanent and the board has adopted that view of the contract. The claimant is not injured by the failure of the employer to discharge her because she has suffered no damages. Under such circumstances there is no evidence to infer that the "cause" was one which would reasonably require a leaving of employment in order to enforce the employment contract. In the case of *Matter of Sellers (J. W. Mays, Inc.—Catherwood)* (13 AD2d 204, 205) the position was taken that as to the facts therein relating to a voluntary quit: "First, the general intent, purposes and objectives of the Unemployment Insurance Law would not seem to include a situation such as this. The primary purpose of the law is to ease the hardship of involuntary unemployment due to economic conditions or other conditions beyond the control of the employee." (See, also, *Matter of Shanley [Catherwood],* 27 AD2d 496.) Applying these quoted principles as set forth in the *Sellers* case to the present case, it is apparent that the decision of the board as to good cause was not supported by the record. Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Staley, Jr., Main, Larkin and Herlihy, JJ., concur.