■　In the Matter of the Claim of CALOGERO PIRO, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from decisions of the Unemployment Insurance Appeal Board, filed September 17, 1979. By initial determinations, claimant was disqualified from receiving benefits effective October 11, 1977, because he voluntarily left his employment to follow his spouse to another locality and ruled ineligible to receive benefits effective October 17, 1977 because he was not totally unemployed and because he was not available for employment. Following a hearing, a referee sustained the initial determination disqualifying claimant on the ground that he voluntarily left his employment to follow his spouse to another locality. The referee did not rule on the two remaining determinations. The referee's decision was affirmed by the board in a decision filed September 8, 1978. Claimant appealed to this court and the case was placed on the calendar for the May, 1979 term. By letter dated May 2, 1979, the Attorney-General requested that the case be removed from the May Term Calendar on the basis that the Industrial Commissioner was applying to the board for rescission of its determination and such application would render claimant's appeal academic. This request was granted over claimant's objection. By letter dated May 3, 1979, the commissioner requested the board to reopen and rescind its decision filed September 8, 1978, and also requested that the board rule on the issues of claimant's total unemployment and availability for employment. In a decision filed June 21, 1979, the board, on its own motion, reopened for reconsideration its decision filed September 8, 1978, rescinded that decision and sustained the initial determination holding claimant ineligible to receive benefits effective October 17, 1977, on the

ground he was not available for employment. The initial determination disqualifying claimant from receiving benefits because he voluntarily left his employment to follow his spouse to another locality was withdrawn in accordance with the Industrial Commissioner's request. The board, in a decision filed September 17, 1979, granted claimant's application to reopen its decision filed June 21, 1979, revised its decision to find that claimant reported 26 job efforts in the five-month period following October 17, 1977 and, as so revised, adhered to its prior decision. The issue on this appeal concerns the propriety of the board's determination to reopen for reconsideration its decision filed September 8, 1978. Any power of the board to reopen a prior decision is limited by the bounds of discretion. This court has previously stated that where "the purpose of reconsideration is to cure a defect which is brought to the board's attention by a point raised in appellant's brief * * * it appears unfair to permit the board to nullify a valid argument which might have compelled a reversal for appellant" (*Matter of Olan [Ross]*, 60 AD2d 113, 115). In *Matter of Baccus (Ross)* (64 AD2d 805), we again denounced this practice by the board. In *Baccus,* however, the decision of the board upon reconsideration was more favorable to claimant than the board's prior decision. Here the case was removed from this court's calendar just weeks before scheduled oral argument. The board subsequently rescinded its decision filed September 8, 1978, only to deny benefits to claimant on another ground, which it failed to pass upon originally. It has now rendered three decisions in this case, yet has not ruled on the issue of claimant's total unemployment, despite the commissioner's request that it do so. This procedure results in increased cost and delay to claimants, and contravenes the primary purpose of the unemployment insurance law—to ease the hardship of unemployment (*Matter of Aquilina [New York Tel. Co.—Ross]*, 62 AD2d 1096). It also is not consonant with "the speedy administration of justice" referred to as an interest to be promoted in the board's own regulations concerning the appeal process (see 12 NYCRR 463.2 [c]). Upon consideration of the entire record, we are of the opinion that in the present case the board abused its discretion in reopening its decision of September 8, 1978. Accordingly, the board's decision filed September 17, 1979, which adhered to its prior decision filed June 21, 1979 reopening its decision of September 8, 1978, must be reversed, as well as the decision filed June 21, 1979. As a result of these reversals, only the decision of September 8, 1978 remains for review. In light of respondent's concession that this decision was in error, it too must be reversed. Decisions reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.

Mahoney, P. J., concurs in the following memorandum. Mahoney, P. J. (concurring). By decision filed June 21, 1979, the board rescinded its prior decision of September 8, 1978 which had denied claimant benefits on the ground that he voluntarily left his employment without good cause. The June 21 decision reopened the matter for reconsideration and denied claimant benefits on a ground initially advanced by the Industrial Commissioner and not reached by either the referee or the board, i.e., that claimant was unavailable for employment. Claimant did not appeal this June 21 decision of the board. Rather, by application dated June 27, 1979, claimant requested the board to reopen its decision of June 21, 1979 on the basis of new evidence he wished to present. The board, in a decision filed September 17, 1979, granted the application to reopen and reconsider its June 21 decision, revised its factual findings, and adhered to its June 21 decision holding

claimant ineligible to receive benefits because he was not available for employment. It is from this September 17, 1979 board decision that claimant appeals. Since a decision by the board to adhere to its initial position after an application to reopen is granted has the effect of a new decision, this appeal properly presents for our review the merits of the board's June 21 decision (Matter of De Siato [Ross], 74 AD2d 988; see Matter of Rinaldi [General Off. Serv. Bur.—Corsi], 281 App Div 1051). I agree with the majority's conclusion that the board abused its discretion in deciding to rescind its September 8, 1978 decision. The practical effect of such a holding would be to force the referee and the board to pass upon multiple grounds for disqualification in all those cases where the Industrial Commissioner advanced alternative grounds for denying benefits to a claimant. Failure by the board to address all of the grounds raised would result in a waiver of those grounds not considered. The Industrial Commissioner argues that such a policy would severely burden the administrative process. I do not agree. When a hearing is held before a referee, proof is introduced on all of the grounds for disqualification raised by the commissioner, who has no way of predicting on which ground the referee's decision will be based. Once the record is complete, it is reviewed by the referee before a decision is made. I see no reason why it would be unduly burdensome to require the referee, and later the board, to initially rule on all of the grounds they feel support a determination denying benefits, especially when this effort is balanced against the time and money saved by claimants who will not be faced with the possibility of having to contest each ground advanced for denying benefits on separate trips through the administrative and appellate process. Claimants who have had their claims for benefits resolved by a decision of the board should be able to attribute a certain degree of finality to such decisions. While the board may have continuing jurisdiction to review its own decisions (Labor Law, § 534), it does not have authority to fragmentize the decision-making process for the sake of its own administrative convenience to the prejudice of a party's right to a speedy and final determination of a claim for benefits, whether before the appeal board or this court. Since the board abused its discretion and acted arbitrarily when it rescinded its September 8, 1978 decision, the June 21, 1979 board decision must be reversed. As noted by the majority, the Industrial Commissioner has conceded that the September 8, 1978 decision was erroneous and, accordingly, this matter should be remitted to the board so that it may determine the amount of benefits due claimant.