■ In the Matter of the Claim of LEVI PERLMAN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 11, 1979. The claimant has been disqualified from benefits upon the ground that his minimal job seeking efforts demonstrate unavailability for employment. Upon this appeal, he has attached to his brief an alleged list of potential employers that he contacted for the period of June 20, 1978 through September 6, 1978. The Industrial Commissioner, upon this appeal, simply asserts that the matter should be remitted to the board for specific consideration of these listed efforts. The record discloses no effort by the claimant to submit his list to the local office or at the hearing held on Septempter 8, 1978. There appears no reason for a remittal for further consideration of these job efforts, and they have been improperly submitted as an attachment to the claimant's brief upon this appeal. The contention of the Industrial Commissioner is rejected. (Cf. *Matter of Piro [Ross]*, 76 AD2d 940). Upon the merits, the record contains a written statement by the claimant that, as of July 21, 1978, he had only sought work as a "teacher" by asking friends "if they had work for the summer". His testimony at the hearing held on September 8, 1978, revealed only minimal employment efforts. The claimant made no attempt in the record to present his contention that in fact he had done all that could be expected to find employment. The decision is supported by substantial evidence. Decision affirmed, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.

■ CARMELLA O'DONNELL, Appellant, v ANN B. O'DONNELL et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered March 18, 1980 in Ulster County, which granted defendant's motion to dismiss the complaint. The order should be affirmed. The complaint attempts to set forth an equitable action to impress a trust. However, the plaintiff has failed to plead facts showing any consideration for the alleged oral promise of the deceased husband to designate the plaintiff wife as the beneficiary of all death benefits due from his employer, the State of New York. Plaintiff has failed to plead any acts performed by her, other than gratuitous acts, which prompted decedent's promise to change his beneficiary. There is no allegation that the promise of the decedent was based on anything more than love and affection. Thus, the complaint herein will not support a constructive trust *(Gartman v New York State Employees Retirement System*, 152 NYS2d 849). Order affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.

(July 18, 1980)

■ In the Matter of HENRI LE GRAND, Petitioner, v JOSEPH MOGAVERO et al., Respondents.—Application for writ of prohibition and for other relief denied, without costs, and petition dated May 30, 1980 dismissed. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.