■ In the Matter of the Claim of PAUL M. CARTER, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 30, 1979. The claimant was disqualified from benefits upon an initial determination that he was either not totally unemployed or "not available". The determination was expressly based upon the following assertion: "You were actively engaged in activities as a golf professional while collecting benefits." The initial determination further demanded repayment of $2,201 because he received such money by a willful misrepresentation on each reporting date, stating: "You falsely certified that you were totally unemployed and or available. You were actively engaged as a golf pro while collecting benefits." Additionally, a penalty of 80 effective days was imposed. The above determination was issued on September 29, 1978 for the prior period of October 17, 1977 through April 6, 1978, for which the claimant had been paid benefits. The file contains a "hearing request and data form", dated October 13, 1978, wherein the claimant stated he was totally unemployed and demanded a hearing. That form, filed with the local office No. 41, was duly signed by a representative of the respondent and it set up the issue as "NTU" (not totally unemployed). A hearing was held on December 4, 1978, and at that hearing, the hearing representative of the Industrial Commissioner specified that the only alleged misrepresentation of claimant involved being not totally unemployed. As stated by the representative: "The original claim was invalidated because the claimant was not totally unemployed. The Industrial Commissioner is contending that claimant was not totally unemployed during the period he collected unemployment insurance." Following the hearing, the hearing officer issued a decision disqualifying the claimant upon the ground of unavailability because "his limited job efforts established that he was not, in fact, willing to work". The overpayment was ruled recoverable and the penalty of 80 days was affirmed because "The claimant intentionally gave misinformation by indicating that he was willing to work when he certified for benefits". The hearing officer went on to note that he was not ruling on the determination of claimant's not being totally unemployed. The claimant duly appealed to the Unemployment Insurance Appeal Board upon the ground that the "Decision made was not for the original purpose of hearing." The board issued a notice of such appeal to the claimant, local office No. 41 and "Counsel's Office". The file contains no statement by the representative of the Industrial Commissioner in response to the appeal to the board; the board issued the decision appealed from and adopted the decision of the hearing officer. The decision of the board makes no reference to the due process complaint of the claimant. (Cf. *Matter of Piro [Ross],* 76 AD2d 940.) Upon this appeal, the claimant, while still complaining about the procedure followed by the hearing officer and the board, nevertheless contends that the determination is not supported by *substantial evidence "to show my actions were wilful and misrepresenting".* There is undisputed evidence in this record that the claimant tried to obtain work in the small town in which he was living, but there were very limited job opportunities. Nevertheless, he went to a bank (having had prior such experience) and to a men's store and there is no evidence to support the

finding that "he [claimant] was not willing to work" or that he made false statements as to this aspect of the proceeding. It seems quite apparent from the record that the representative of the Industrial Commissioner, the Administrative Judge and the board were highly confused in their intermingling of unavailability and self-employment. The determination of "unavailable for employment" should be reversed and the matter remitted. In view of our decision, we would further observe that, on the present record, there is no substantial evidence to sustain a finding of "not totally unemployed" or self-employed. The fact that accounts receivable are received and checks are made out for accounts payable is no evidence, on this record, of not being totally unemployed or self-employment. The record is devoid of any substantial evidence to show the claimant received "compensation" in accordance with the Unemployment Insurance Law. Decision reversed, with costs to claimant, and matter remitted to the board for a determination not inconsistent herewith. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.