■ In the Matter of the Claim of IDA BLANDA, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 14, 1979. The board has sustained an initial disqualification from benefits, based on the fact that the claimant and her husband fraudulently contrived to have the employment record of her last employer (a family-owned corporation) show sufficient employment for her to be eligible for unemployment benefits. Based upon her alleged false report of employment, the benefits paid are recoverable. The claimant, upon the appeal of the Industrial Commissioner to the board, asserted that the appeal was not timely taken. The board made no direct findings on that issue in its decision; however, the record presumptively establishes that the appeal was filed within the required 20

days *(Matter of Barri [Levine],* 50 AD2d 652; cf. *Matter of Piro [Ross],* 76 AD2d 940). In response to the appeal of the claimant, the Industrial Commissioner has requested that the matter be remitted to the board for further proceedings because the board did not pass upon the question of timely filing. The record shows no reason for such a remittal. The notice of appeal of the Industrial Commissioner in the file appears to be timely filed. (See *Matter of Barri [Levine], supra.)* The board found: "The credible evidence establishes that claimant did not have *bona fide* employment at the liquor store from September 29, 1975 through November 1, 1975. We reject as incredible her contention that she had worked for six weeks for the corporation as a clerk and that she was paid $750. Claimant had not worked as a clerk for over 25 years, and had no employment in that store prior to the period in issue. Furthermore, her husband, who is president of the corporation, stated in an affidavit on March 20, 1978 that claimant had never worked for the company and that he and his brother had operated the business by themselves from July through October 1975. Significantly, the claimant indicated on her claim effective November 3, 1975, that she was not related to any of the persons for whom she had worked during the past 12 months, although her husband is the corporate president. The fact that the corporation issued checks to claimant for her alleged services does not require us to believe that she actually worked. We believe that the alleged employment at the liquor store between September 29, 1975 and November 1, 1975 has been contrived and that claimant had no such employment. Therefore, claimant had only 14 weeks of covered employment during her base period and had insufficient weeks to file a valid original claim effective November 3, 1975. Accordingly, she was not entitled to the benefits she received and was overpaid $4,420. The overpayment is recoverable because of claimant's false statement that she had been employed at the liquor store during her base period." Decision affirmed, without costs. Greenblott, J. P., Main, Casey and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The claimant raised at the administrative level the question of whether the Industrial Commissioner timely appealed to the board a Referee's decision, favorable to claimant. The Attorney-General, in a letter dated April 29, 1980, to this court, concedes that the issue was properly raised below. The board failed to pass on the question. A resolution of this procedural issue by the board is essential before there can be judicial review of the matter. The matter should, therefore, be remitted to the board for a consideration of whether the Industrial Commissioner's appeal was untimely, and if so, whether the board will exercise its discretionary power to decide the merits notwithstanding the lateness of the appeal.