■    In the Matter of the Claim of EVELYN C. FORTNA, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 14, 1979. The claimant was initially granted benefits, but upon finding that as to those dates when she was certifying for benefits she had failed to disclose that she had refused job offers, an initial determination was issued disqualifying her from benefits effective on each date and ruling the benefits recoverable. The claimant requested a hearing and the hearing officer found that she had not refused employment without good cause, but had willfully misrepresented as to the refusal of employment, and he sustained the recovery of benefits, as well as a forfeiture of 29 effective days. Both claimant and the Industrial

Commissioner appealed to the board from the decision filed on *June 28, 1978*. The notice of appeal of the claimant was filed July 12, 1978. The notice of appeal of the Industrial Commissioner was dated and filed *July 18, 1978* in the "Unemployment Insurance Referee Section". Upon this appeal, the record does not establish exactly when or if the notice of appeal was filed with the local office, as is required by section 621 of the Labor Law. The claimant has at no time objected to the jurisdiction of the board over the appeal of the Industrial Commissioner. (Cf. *Matter of Piro [Ross]*, 76 AD2d 940). Nevertheless, upon this appeal, the Attorney-General, on behalf of the Industrial Commissioner, has filed a letter in lieu of a brief, wherein it is asserted that his notice of appeal was filed 22 days after the date of the decision of the hearing officer and, therefore, is untimely and that the board lacked jurisdiction of the appeal, pursuant to subdivision 1 of section 621 of the Labor Law. In support of this surprising assertion, the Attorney-General has attached to his letter a "copy" of "the notice of appeal sent to the local office". The Industrial Commissioner requests remittal to the board for determination of jurisdiction. The presumption of regularity is a familiar axiom and, as noted, the claimant has not raised any issue as to the jurisdiction of the board. The "copy" attached to the letter of the Attorney-General is not properly before this court, but, in any event, it does not upon its face establish that the notice of appeal was not timely filed. That "copy" has no indications upon it as to filing times, whereas the original notice of appeal in the record is stamped by at least one office as of July 18, 1979, a timely date. As stated in the case of *Matter of Barri (Levine)* (50 AD2d 652), "should the *claimant* desire to submit such issue, the proper remedy is to apply to the board for a redetermination of its decision based upon facts relating to the timeliness of the appeal." (Emphasis added.) The request of the Industrial Commissioner is rejected. Upon the merits, the board stated: "we conclude that the claimant's refusals of those job offers were for personal non-compelling reasons and without good cause. In view thereof, claimant was not entitled to benefits beginning January 25, 1978 and was overpaid $746.75 in benefits. This overpayment is recoverable because the claimant falsely stated * * * that she had not refused any *job offers* * * * [H]er statements * * * were knowingly false and constituted wilful false statements to obtain benefits." The findings are supported by substantial evidence. The claimant has not established any legal error, and her reliance upon *Matter of Roberts (Ross)* (71 AD2d 709) is misplaced. In that case, the recovery of benefits was limited by findings of ineligibility based upon unavailability on the days in issue. In the present case, there has been disqualification based upon refusal of employment, and the misrepresentation affected eligibility for benefits until the claimant had met the requirements of subdivision 2 of section 593 of the Labor Law. Accordingly, the willful misrepresentation of the claimant permitted her to obtain benefits beyond the day in question and the benefits obtained by misrepresentation are not limited to the day in issue. Decision affirmed, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.