## (December 13, 1968)

■ In the Matter of the Claim of DORIS M. LACH, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— STALEY, JR., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 18, 1963, which determined (1) that claimant was ineligible to

receive benefits on the ground that she was not totally unemployed, (2) that benefits paid her in the amount of $1,300 constituted a recoverable overpayment, and (3) that claimant willfully made false statments to obtain benefits by reason of which a forfeiture of 208 effective days was imposed as a penalty in reduction of future benefit rights. Claimant, a bookkeeper, and her husband, a manager, were hired as a "team" in November, 1960 by a corporation which operated a machine shop. Their weekly salaries were $70 and $114 respectively. By reason of an ankle injury suffered in May of 1961, her husband was unable to work for several months, and the claimant assumed his managerial duties. During this period she received their combined salaries of $184. On or about November 1, 1961 her husband and another person acquired all of the capital stock of the corporation and became the officers thereof. On October 30, 1961 the claimant filed for benefits alleging that she last worked on October 27, 1961, and that she had been terminated by reason of a general cutback. The record indicates that, although the claimant was not carried as an employee on the books of the corporation, she continued to perform essentially the same bookkeeping services for the corporation but performed them at home rather than in the office of the corporation, and only occasionally went to the office of the corporation. The claimant received no remuneration for these services. She asserts that she was unemployed; that she performed no services for the corporation; and that the work she did was for her husband in order to assist him and enable him to spend more time at home, but at no time was she compelled to perform this service. In her application for benefits the claimant did not disclose that she was performing these bookkeeping services. Total unemployment is defined in section 522 of the Labor Law as "the total lack of any employment on any day" and the term employment is defined as "any employment including that not defined in this title". What constitutes total unemployment is a factual decision for the board, (*Matter of Newman* [*Catherwood*], 24 A D 2d 1042), which, if supported by substantial evidence, must be accepted by us. (*Matter of Weiss* [*Catherwood*], 28 A D 2d 577.) The fact that services are performed without apparent compensation is. not controlling (*Matter of Saffioti* [*Catherwood*], 28 A D 2d 1013, mot. for lv. to app. den. 21 N Y 2d 641). The board's determination that the claimant was not totally unemployed was neither arbitrary nor capricious, and is supported by substantial evidence. (Labor Law, § 623; *Matter of Newman* [*Catherwood*], *supra*; *Matter of Saffioti* [*Catherwood*], *supra*.) Substantial evidence also sustains the determination that the claimant's failure to disclose her bookkeeping activities constituted a willful concealment of a material fact warranting the imposition of penalties. (Labor Law, § 594.) Decision affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.