In the Matter of the Claim of MARGARET OLAN, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.

Third Department, December 15, 1977

**APPEARANCES OF COUNSEL**

*Levy, Feldman & Li Cata, P. C. (Michael A. Rosenbloom* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Edward R. Moss, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

**OPINION OF THE COURT**

MAHONEY, J.

On its own motion the Appeal Board reopened and reconsidered its April 26 decision, rescinded that decision, and again held that claimant lost her employment through misconduct in connection therewith.

Claimant, a 29-year employee as a buyer of wearing apparel for a well-known department store, was discharged for misconduct for allegedly violating her employer's directives regarding acceptance of gifts from the store's vendors. The board's original determination, dated April 26, 1977, affirming a finding of misconduct by the referee, made the following statement: "The *confession* signed by the claimant was *dictated by the employer's security personnel* after a *strenuous interrogation session.* She was *subjected to a long period of confinement* during which *she was intensely questioned about her activities.* After questioning, *she was required to submit to a polygraph test.* Therefore, the Board *does not base its decision on these confessions.* Instead, it is founded on the admissions made by claimant at the referee's hearing that she received

gifts from vendors in violation of the employer's reasonable policy." (Emphasis supplied.) Claimant filed a notice of appeal from the determination and served her brief upon the respondent board. The board then, on its own motion, reopened the case and purportedly rescinded its April 26, 1977 decision and adopted new findings to the effect that claimant "could have left the questioning at any time and could have refused to take the lie detector test, had she so desired. We reject her contention that her admissions were coerced by the interrogators." On this appeal, the respondent board states that our review should be confined to their second determination, which also found claimant guilty of dischargeable misconduct.*

■ Although the board has authority to reconsider a decision after an appeal has been taken (see *Matter of Sinacori [Levine]*, 46 AD2d 973; *Matter of Dixon [Levine]*, 41 AD2d 868. See, generally, 10 Carmody-Wait 2d, NY Prac, § 70:296), there yet remains a troublesome area where, as here, the purpose of reconsideration is to cure a defect which is brought to the board's attention by a point raised in appellant's brief. In such cases, it appears unfair to permit the board to nullify a valid argument which might have compelled a reversal for apellant. While it is true that, in the absence of board reconsideration, a remittal could result in consideration of the point raised, thus unnecessarily wasting time and money, it is equally true that appellant would have the opportunity to be heard on remittal, a fact not always present when the board unilaterally decides to reopen a case.

■ Thus, the issue narrows to the type of notice given to appellant, the employer, and the Attorney-General, when the board exercises its right of reconsideration. In the case at bar, the "Notice of Reopening" advised claimant, the employer and the Attorney-General of the board's intention of reconsidering its first determination, and that it might, in the exercise of its statutory discretion (Labor Law, § 534) rescind its initial decision and render a new one. The "Notice" also informed claimant that she could submit any statements, documents or

---

* Where, as here, the board reaches the same conclusion as was initially reached, claimant's appeal from the first determination is not rendered moot by the amended decision, regardless of whether the Attorney-General has moved to either dismiss the notice of appeal or remove the case from the calendar pending the second determination, and the amended decision, if still adverse to claimant, may be reviewed by this court on the pending appeal (*Matter of Raynor v Allegheny Ludlum Steel Corp.*, 36 AD2d 107; CPLR 5517. See, also, *Matter of Veach v County of Erie*, 24 AD2d 916).

116

briefs and further, that she might inspect the minutes of the referee's hearing. Significantly, the "Notice" did not inform claimant of the specific points to be reconsidered, thereby, in our view, effectively diluting the force of any statements, documents or briefs that claimant might submit. We conclude that this type of notice is inadequate. Henceforth, in the interest of fairness and due process the "Notice of Reopening" shall include the specific points to be reconsidered so that appellant might address those points in any written statements, documents or briefs he might be advised to submit to the board.

Turning to the development of the case herein, we conclude it to be unnecessary to reverse and remit, since appellant did, in fact, by reply brief, directly speak to the reconsidered issues. Consequently, the directive contained herein shall be prospective only.

■ As for the merits of this appeal, the only issue is whether there is adequate evidentiary support for the finding of misconduct. The confession provided an ample basis for the conclusion of misconduct, and there is substantial evidence to support the determination that said confession was voluntary.

The decision should be affirmed, with costs to claimant.

GREENBLOTT, J. P., MAIN, LARKIN and HERLIHY, JJ., concur.

Decision affirmed, with costs to claimant.