In the Matter of the Claim of BARBARA BACCUS, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 23, 1978. Claimant was the president of a corporation which owned and operated a restaurant. She was also a 50% shareholder of the corporation. She was employed

by the corporation as manager and hostess of the restaurant. The directors of the corporation authorized a bank loan to meet tax obligations. Claimant, however, paid only part of the tax obligation with the loan money and used the remainder to pay other debts incurred by the restaurant. On April 12, 1977 she was removed from her corporate office and discharged from her management position due to her failure to apply the entire amount of the bank loan toward the tax obligation. Claimant retained her stock in the corporation and admittedly continued to work in the restaurant until June 30, 1977 for 15 to 20 hours a week although she received no salary. On July 25, 1977 the restaurant was sold. Claimant applied for benefits effective April 25, 1977 and she was paid $380 in benefits for the month of May, 1977 for weeks in which she certified that she did not work in employment or self-employment. By a decision dated January 23, 1978 the board overruled an initial determination disqualifying claimant from benefits on the ground of misconduct. The board, however, failed to rule on the initial determination concerning the claims of unavailability for employment. Thereafter at the request of the Industrial Commissioner the board reopened the case and by a decision filed June 12, 1978 again overruled the initial determination disqualifying claimant from benefits on the ground of misconduct. The board also determined that from April 25, 1977 through June 30, 1977 claimant was not totally unemployed, that she was not entitled to benefits during this period and, thus, was overpaid $380 in benefits; that the overpayment was recoverable because she had falsely certified that she had not engaged in employment or self-employment during this time; and that her certifications were willfully false statements subjecting claimant to the forfeit penalty imposed. In addition, the board overruled the determination holding claimant unavailable for employment, and held that she was available for employment effective July 1, 1977. Initially we would reiterate the view expressed by this court in *Matter of Olan (Ross)* (60 AD2d 113) wherein we expressed dissatisfaction with the board's practice of reopening and reconsidering its decisions after a claimant has appealed therefrom. In our view, the fact that errors may be corrected by the board upon reconsideration does not justify the imposition upon a claimant of having to expend additional time and money in order to again advocate his or her position before the board. Considering that the notice of reopening, in our opinion, sufficiently apprised the claimant of the specific matter to be reconsidered and that the board's decision upon reconsideration was more favorable to the claimant than the board's prior decison, we see no useful purpose to be served by rejecting the board's prior decision on July 12, 1978. We would note, however, that although the board states that claimant applied to reopen her case we find nothing in the record to support such a statement. Claimant's letter of January 30, 1978 was clearly a notice of appeal and not a motion to reopen. Turning to the merits, it is the opinion of this court that there is substantial evidence in the record to support the board's decision filed June 12, 1978 and, therefore, its decision should be affirmed (see *Matter of Lach [Catherwood]*, 31 AD2d 663). Since the board's decision of January 23, 1978 was rescinded and the decision of June 12, 1978 is substantially the same, the latter decision is reviewable by this court (*Matter of Raynor v Allegheny Ludlum Steel Corp.*, 36 AD2d 1007). Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Larkin and Mikoll, JJ., concur.