## (December 23, 1980)

■ In the Matter of ANNALEE MAUSKOFF, Appellant. BON TEMPS AGENCY, LTD., Respondent. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 2, 1979, which affirmed a decision of the Administrative Law Judge reversing an initial determination of the Industrial Commissioner and holding claimant ineligible to receive benefits effective July 11, 1978 because she refused employment without good cause. By initial determination, the Industrial Commissioner ruled claimant eligible for benefits without any disqualifying conditions. At a hearing requested by the employer, a temporary employment agency, it was asserted that claimant had refused an offer of employment with a law firm on July 10, 1978. The Administrative Law Judge sustained this objection of the employer, overruled the initial determination, and disqualified claimant from receiving benefits effective July 11, 1978. The Unemployment Insurance Appeal Board affirmed this decision and the instant appeal by claimant ensued. Following the filing of claimant's brief, the Attorney-General, on behalf of the Industrial Commissioner, advised the court by letter that a representative of the commissioner had confirmed a statement in claimant's brief to the effect that the law firm did not request temporary help from the employer on the date in question. The Attorney-General, therefore, requested that in view of this "new evidence" the court should, "if it determines that a reversal is not required, remit this matter to the Board for the taking of further testimony from the law firm involved". The employer's brief was filed on July 10, 1980 and the case was scheduled for the term of court com-

mencing August 18, 1980. However, by letter dated July 28, 1980, the Attorney-General requested adjournment of the appeal and return of the file since claimant had applied to the board for reopening of the claim pursuant to section 534 of the Labor Law. Claimant's application was apparently based on the "new evidence" referred to in the Attorney-General's initial letter to this court. The employer's attorney opposed the request for adjournment of the appeal on the grounds claimant's application for reopening was frivolous and the employer would be prejudiced by further delay. On August 7, 1980, the parties were advised that the appeal file and the briefs, together with all correspondence in this matter, would be submitted to the court at the September term. It is well established that the board has continuing jurisdiction to reopen a case upon its own motion or upon application duly made to it (Labor Law, § 534; *Matter of Capital Hill Reporting [Ross]*, 64 AD2d 778, mot for lv to app den 45 NY2d 713). It is further clear that if, in the instant case, the board rescinds its decision and grants benefits to claimant, the instant appeal by claimant will be rendered academic. While it has previously been stated that the board "does not have authority to fragmentize the decision-making process for the sake of its own administrative convenience to the prejudice of a party's right to a speedy and final determination of a claim for benefits" *(Matter of Piro [Ross],* 76 AD2d 940, 942 [concurring opn by Mahoney, P. J.]), the employer's objections to adjournment of the appeal and its claims of prejudice are premature since the board has apparently not yet taken any action on claimant's application to reopen. Accordingly, consideration of this appeal should be withheld pending determination of claimant's application by the board. If the application is denied, or if after granting reopening the board makes the same decision adverse to claimant, such determination may be reviewed by this court on the pending appeal *(Matter of Olan [Ross],* 60 AD2d 113, 115). If the application is granted and the board makes a decision in claimant's favor thereby rendering the pending appeal academic, the appeal will be dismissed on the court's own motion. In such a case, since briefs have been filed, costs and disbursements may be awarded to any party who has incurred unnecessary expense by reason of the board's action. The employer may, of course, appeal a decision in claimant's favor and present the issue of whether reopening of the claim constituted an abuse of discretion (see *Matter of Dixon [Levine],* 41 AD2d 868, cert den 414 US 1133). Finally, it should be noted that the above-stated policy of withholding consideration of an appeal pending the board's determination of an application for reopening will be applied when the application is made either by the claimant-appellant, as in the instant case, or by an employer appellant, or by the Industrial Commissioner. Consideration of the appeal will also be withheld when the board reopens its decision upon its own motion. Determination of appeal withheld pending notification of the appeal board's decision on claimant's application to reopen. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

