2    In the Matter of the Claim of EDWARD MICHELFELDER, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 5, 1979, which reversed the decision of an Administrative Law Judge and reinstated the determination of the local office disqualifying claimant from benefits because of misconduct. By initial determination, the Indus-

trial Commissioner held claimant to be ineligible for benefits because he lost his employment as a store detective due to misconduct (Labor Law, § 593, subd 3). The misconduct found was claimant's failure to call in on April 4, 1979 to report that he would be absent due to illness after having been warned that he was required to call in prior to the commencement of his shift. Claimant sought review of this determination and it was subsequently overruled by an Administrative Law Judge who found that claimant had a reasonable explanation for his failure to report and that, in view of his exemplary work record, his actions did not constitute misconduct. Upon an appeal by the employer, the decision of the Administrative Law Judge was reversed by the board and the determination of the local office reinstated. This appeal by claimant ensued. Following the filing of claimant's brief, the Attorney-General advised the court by letter that a review of the transcript of the hearing before the Administrative Law Judge indicated that claimant had an otherwise satisfactory record, was shown to be ill on the day in question and had received no previous warnings concerning absences or lateness. It was further stated that "The Industrial Commissioner does not believe that a failure to call in with respect to an isolated absence based on a verified illness, standing alone, constitutes misconduct, as opposed to negligence or bad judgment". Accordingly, the court was advised that no brief would be filed by the Attorney-General on behalf of the respondent Industrial Commissioner. The employer has not filed a brief on the appeal. The instant case is representative of several recent claimants' appeals from decisions of the board wherein the court is informed by the Attorney-General that no brief will be filed on behalf of the Industrial Commissioner since an evaluation of the present record has, in the opinion of the commissioner, called into doubt the validity of the board's decision. In other words, although the commissioner initially ruled claimant ineligible for benefits in these cases, he now appears to take the position that benefits should be awarded. In such circumstances, the court deems it inappropriate to decide claimant's appeal since the commissioner's adherence to his initial determination denying benefits is questionable. It is established that the board has continuing jurisdiction to reopen a case upon its own motion or upon application duly made to it (Labor Law, § 534; *Matter of Capital Hill Reporting [Ross]*, 64 AD2d 778, mot for lv to app den 45 NY2d 713). The commissioner may apply for such reopening (see *Matter of Capital Hill Reporting [Ross]*, *supra*) and this would be the proper remedy for him to pursue in view of his present position as to the merits of the claim. Whether such application is made, of course, is a matter left to the discretion of the commissioner. If such application is made, either by the commissioner or by claimant, the appeal will be held until the matter is decided by the board (see *Matter of Mauskoff [Ross]*, 79 AD2d 790). If, upon reopening, the board makes a decision in claimant's favor thereby rendering the appeal academic, the appeal will be dismissed upon the court's own motion, with costs and disbursements awarded to claimant against the commissioner. The employer may, of course, appeal a decision in claimant's favor and present the issue of whether reopening of the claim constituted an abuse of discretion (see *Matter of Dixon [Levine]*, 41 AD2d 868, cert den 414 US 1133). If the application is denied, or if after granting reopening the board makes the same decision adverse to claimant, such determination may be reviewed by this court upon the pending appeal *(Matter of Olan*

*[Ross],* 60 AD2d 113, 115). Finally, if no application for reopening is made, the court will decide the appeal upon the present record. Determination withheld for 20 days pending notification as to whether an application for reopening will be made to the board. Mahoney, P. J., Sweeney, Casey and Herlihy, JJ., concur.