■ In the Matter of the Claim of JILLIAN MARSHALL, Respondent. PROCTOR & GAMBLE MANUFACTURING COMPANY, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 28, 1980, which affirmed an Administrative Law Judge's decision overruling an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she lost her employment due to misconduct. By initial determination, the Industrial Commissioner held claimant disqualified from receiving benefits because she lost her employment as a general laborer due to misconduct (Labor Law, § 593, subd 3). The misconduct centered around an argument claimant had with her supervisor on June 16, 1980. Claimant sought review of this determination and it was overruled by an Administrative Law Judge who,

on August 29, 1980, found that claimant's termination was made under nondisqualifying conditions. Upon an appeal by the employer, the decision of the Administrative Law Judge was affirmed by the board on November 28, 1980. This appeal by the employer ensued. Following the filing of the employer's brief, the Attorney-General advised the court, by letter, of a determination made by the Industrial Commissioner on September 2, 1980 that claimant had failed to file a valid original claim because she only had nine weeks of covered employment in her base period (see Labor Law, § 527, subd 1). Accordingly, the court was advised that no brief would be filed by the Attorney-General on behalf of the Industrial Commissioner "since the issues raised appear to be academic." We deem it inappropriate to dismiss this appeal on the ground it has become academic without first ascertaining claimant's position regarding any determination made by the Industrial Commissioner which is not contained in the record on appeal. The proper remedy is for either the employer or the Industrial Commissioner to make application to the board to have the case reopened (Labor Law, § 534) for the purpose of determining whether the commissioner's ruling of September 2, 1980 rendered the employer's appeal to the board academic (see *Matter of Michelfelder [Ross]*, 79 AD2d 791). Determination of appeal withheld pending notification of the decision of the board upon an application for reopening made in accordance with this decision. Mahoney, P.J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.