■ In the Matter of the Claim of VERONICA SERRANO, Appellant. RESEARCH FOUNDATION OF THE STATE UNIVERSITY OF NEW YORK, Respondent. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from decisions of the Unemployment Insurance Appeal Board, filed May 10, 1979 and October 23, 1980. The Industrial Commissioner initially determined that claimant was not entitled to receive unemployment insurance benefits because she had lost her job through misconduct by leaving her place of employment without authorization or permission. That determination was affirmed by an Administrative Law Judge and, on May 10, 1979, by the appeal board as well. While claimant's appeal to this court, scheduled for submission during the October 1980 Term was pending, the Attorney-General, on behalf of the Industrial Commissioner, troubled by the fact that only hearsay evidence had been offered to controvert claimant's own credible testimony, persuaded the appeal board to reopen its decision and obtained permission from this court to have the appeal removed from the calendar until the appeal board ruled on the matter. In his request to the appeal board to reopen this proceeding, the Attorney-General asked the appeal board to reverse the Administrative Law Judge's decision since, in his view, it was not supported by substantial evidence. Over the employer's objection the matter was reopened and the appeal board issued a notice of hearing indicating it intended to take additional evidence and directed that witnesses on behalf of the employer who allegedly had personal knowledge of the facts be produced. In response, claimant requested that her appeal be restored to this court's calendar. Her request was denied. Based on the additional testimony elicited from these witnesses, the appeal board, on October 23, 1980, rescinded its decision of May 10, 1979, but sustained the initial determination of misconduct and denial of benefits, upon a finding that

claimant had started an argument with a co-worker and had made insulting and vulgar remarks to the co-worker. On this appeal, the claimant and her employer have filed briefs, but the Attorney-General has chosen not to file a brief on behalf of the Industrial Commissioner. However, he apparently is of the opinion that as the appeal board's original decision was not supported by substantial evidence, it was improper for the appeal board to consider any additional evidence, originally available, for the purpose of curing the deficiency in proof underlying its original decision. We conclude that under the circumstances presented, it was an abuse of the board's discretion to reopen this case for the purpose of taking the testimony of witnesses available to the employer at the time of the first hearing and then to sustain the initial determination of misconduct upon a different factual ground (see *Matter of Piro [Ross],* 76 AD2d 940). The unfairness to claimant is compounded by the fact that the board's action was prompted by application of the Industrial Commissioner who, as previously noted, had sought to have the board reopen its decision for the purpose of reversing the decision of the Administrative Law Judge denying benefits. Since the appeal board's decision, made after granting reopening, remains adverse to claimant and the entire record of the proceeding in this matter is before us, claimant's original appeal to this court, which is still pending, can now be considered *(Matter of Michelfelder [Ross],* 79 AD2d 791). Limiting our review to those papers which were before the appeal board prior to its decision of May 10, 1979, we determine that that decision must be reversed since it is not supported by substantial evidence. Decisions reversed, with costs to claimant against the Industrial Commissioner, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.