■ In the Matter of the Claims of Victor M. Guarnera, Appellant. Empire Blue Cross Blue Shield, Respondent; John

M. Sweeney, as Commissioner of Labor, Respondent. (And 35 Other Related Claims.) [662 NYS2d 944] —Spain, J. Appeals from 39 decisions of the Unemployment Insurance Appeal Board, filed between March 12, 1996 and November 13, 1996, which ruled, *inter alia*, that claimants were disqualified from receiving unemployment insurance benefits because they voluntarily left their employment without good cause.

Claimants were employees of Empire Blue Cross Blue Shield (hereinafter the employer) who, in January 1992, were offered a voluntary separation opportunity (hereinafter VSO) as part of the employer's effort to implement a reduction in workforce designed to limit involuntary terminations and achieve greater productivity. Each eligible employee received a package of information describing the VSO program; the package set forth eligibility requirements, instructions on how to apply and answers to what the employer anticipated would be the most frequently asked questions. The employer provided those employees who participated in the VSO with a severance package and, for certain eligible employees, lifetime health and life insurance benefits. Claimants were informed that their participation in the VSO was "totally voluntary", but it was also emphasized that the employer "must reduce [its] current staffing levels" and that the employer, facing a "difficult economic period", was "prepared to initiate involuntary staff reductions, if necessary". Claimants thereafter chose to participate in the VSO.

By initial determinations of the local unemployment office, claimants and other former employees of the employer who opted for the VSO leave were found eligible for unemployment insurance benefits. The employer objected and requested hearings, contending that these claimants were not eligible for such benefits because they voluntarily left their employment without good cause. The former employees were consolidated into nine groups (but under the same general fact pattern) for review before numerous Administrative Law Judges, who upheld the initial determinations as to claimants. The employer then appealed to the Unemployment Insurance Appeal Board. Upon its review the Board found that claimants lacked good cause for leaving their employment and were therefore disqualified from receiving unemployment benefits. Claimants have appealed.

Labor Law § 593 (1) (a) states in pertinent part that "voluntary separation from employment shall not in itself disqualify a claimant" who leaves employment for "good cause" from unemployment benefits. However, where it can be shown that

continuing work was available for an employee, a voluntary separation to accept early retirement or health benefits is not a separation "for good cause" that entitles an employee to benefits (*see, e.g., Matter of Fontaine [Department of Air Force—Sweeney]*, 239 AD2d 641; *Matter of Russo [Sweeney]*, 235 AD2d 895; *Matter of Bolognini [Defense Logistics Agency—Sweeney]*, 231 AD2d 793).

Here, claimants concede that they did not know who would be let go, if anyone; that the employer had not yet made any determinations as to how employees would be selected for involuntary separation, if necessary; and that managers had been instructed not to comment on the issue. Notably, the jobs of those employees who were eligible for participation in the VSO were not in jeopardy for performance-based reasons, as the VSO was only available to those employees whose previous job performance appraisals rated them "meets requirements", "exceeds requirements" or "outstanding" and who were not presently on corrective action. We conclude, upon the records before us, that claimants chose to take advantage of the VSO program benefits despite continuing work being available to them; therefore, the Board's decision is supported by substantial evidence and must be affirmed (*see, Matter of Fontaine [Department of Air Force—Sweeney], supra*). In our view, claimants' reliance on the Board's recent decision in *Matter of Di Giacomo* (Unemployment Insurance Appeal Board, 43222 A, Nov. 21, 1995) is misplaced.

Having made such determination, we need not address the specific procedural objections raised by the employer.

Crew III, J. P., White, Casey and Peters, JJ., concur. Ordered that the decisions are affirmed, without costs.