■ In the Matter of the Claim of NICKOLAS ANDERALLI, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. (And 25 Other Related Claims.) [668 NYS2d 778] —Cardona, P. J. Appeals from 26 decisions of the Unemployment Insurance Appeal Board, filed October 1, 1996, October 17, 1996 and October 28, 1996, which ruled, *inter alia*, that claimants were disqualified from receiving unemployment insurance benefits because they voluntarily left their employment without good cause.

Claimants were 26 long-term employees (aged 60 and older) of Nestle Chocolate and Confections Company, a Division of Nestle Food Company (hereinafter the company), and members of the Retail, Wholesale and Department Store Union (hereinafter the union), the employees' collective bargaining agent. In 1993, the company announced plans to construct a new confections facility (hereinafter building No. 95) to replace its older facility, building No. 30. Building No. 30 employed some 200 people. Because of new production equipment, building No. 95 would employ fewer people. As a result of this planned reduction in work force, the company and the union negotiated a one-time employee severance program (hereinafter the program) for qualified participants, i.e., those who were 60 years of age or who would attain age 60 by December 31, 1995, and who were on the active payroll at the announced effective date. Participation in the program was voluntary. Each interested employee was required to make a nonrevocable declaration of his or her intent to participate. Furthermore, each qualified participant was required to select a last day worked (subject to final company approval), which date was anticipated by the company to be no later than December 31, 1995.

Participants could select one of two severance payment options. Under the first option, participants could receive a lump-sum payment without continuation of fringe benefits. Under the second option, a participant could remain on the payroll and receive his or her weekly pay plus benefits including pension accruals and health insurance for each year of service up to a maximum of 26 weeks.

Claimants chose to participate in the program. The record shows that 16 of the 26 claimants worked in building No. 30. By initial determination of the local unemployment office, claimants were disqualified from receiving unemployment insurance benefits because they voluntarily left their jobs without good cause while employment remained available and because their departures were not part of a temporary voluntary layoff. After conducting hearings, the initial determinations were upheld by the Administrative Law Judges (hereinafter ALJs) in all but one instance.* On appeal, the Unemployment Insurance Appeal Board concluded that all claimants except four had voluntarily left their jobs without good cause while employment remained available. The Board dismissed the appeals of the remaining four claimants for failing to take timely appeals after it determined that the company, which had filed the notices of appeal in those cases, lacked standing to appeal.

Labor Law § 593 (1) (a) permits two exceptions to the general rule that a voluntary departure from a job results in a disqualification from unemployment benefits. The first exception is a voluntary separation for good cause. The second occurs when the claimant has exercised an option under a collective bargaining agreement or employer plan waiving his right to retain employment when there is a temporary layoff because of lack of work and the employer consents thereto.

Turning to the first exception, where there is continuing work available, a voluntary separation to accept early retirement benefits or health benefits does not constitute good cause (see, Matter of Guarnera [Empire Blue Cross Blue Shield— Sweeney], 243 AD2d 858; Matter of Russo [Sweeney], 235 AD2d 895; Matter of Bolognini [Defense Logistics Agency—Sweeney], 231 AD2d 793). A review of the records shows that the program was aimed at the older employees nearing retirement. The 16 former employees of building No. 30 chose to take advantage of the program with its certainty of benefits rather than await the vicissitudes of the company's permanent reduction in work

---

* In the case of claimant Betty Malone, the Administrative Law Judge overruled the initial determination. The Commissioner of Labor appealed this decision to the Board.

force despite the fact that their jobs had not yet been eliminated and before they were actually confronted with a decision to accept lesser unacceptable positions (*see, Matter of Kaufman [Hudacs],* 196 AD2d 914; *Matter of McEvilley [Levine],* 49 AD2d 774). Quitting in anticipation of discharge or reassignment does not constitute good cause for leaving one's employment (*see, Matter of Chick [Hudacs],* 209 AD2d 812; *Matter of Robertson [Hudacs],* 206 AD2d 563; *Matter of Kaufman [Hudacs], supra*).

As for the other 10 claimants whose buildings were not closing, we are unpersuaded that there was any threat to their positions and, accordingly, find that their departure to collect the severance benefit did not, under the circumstances here, constitute good cause.

In reference to the second exception, we find record support for the Board's finding that the program was not a temporary layoff under the terms of the parties' collective bargaining agreement, despite the fact that claimants could demand to be rehired at the end of six months. The company's industrial relations manager and personnel specialist testified that the intent of the program was to effect a permanent reduction of staff and that, if any of the claimants returned, the company would have to lay off other personnel with less seniority to meet the company's downsizing goals. In light of this testimony, we cannot say that the Board's interpretation that the statute was inapplicable was unreasonable (*see, Matter of Violanti [Roberts],* 89 AD2d 727). We, therefore, conclude that the Board's determination that claimants voluntarily left their employment without good cause was supported by substantial evidence and must be affirmed.

In light of this disposition, we need not address the specific procedural objections to the Board's dismissal of the appeals by claimants Wilford Li Court, Willis Rice, Richard Roach and Lois Smith.

Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.