▇ In the Matter of the Claim JAMES W. HOTALING, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 590]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 3, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Initially, although the Unemployment Insurance Appeal Board rescinded the decision of October 3, 2002 on November 17, 2003 and there is no notice of appeal from the November 2003 decision, that decision is reviewable by this Court on the pending appeal. The November 17, 2003 decision is substantially the same as the October 3, 2002 decision and remains adverse to claimant (*see Matter of Mauskoff [Bon Temps Agency—Ross]*, 79 AD2d 790 [1980]; *Matter of Baccus [Ross]*, 64 AD2d 805 [1978]; *Matter of Olan [Ross]*, 60 AD2d 113 [1977]).

It is well settled that, when continuing work is available, voluntarily leaving employment in order to accept a severance package does not constitute good cause (*see Matter of Anderalli [Sweeney]*, 247 AD2d 652, 653 [1998]; *Matter of Beale [Sweeney]*, 244 AD2d 674 [1997]). Here, claimant, employed as a designer in the nuclear division of a utility corporation, accepted a separation allowance plan following the sale of the employer's business to a successor company. The record establishes that continuing work, at the same pay rate and with the same

benefits, was available to claimant with either his current employer or the successor company. Notwithstanding claimant's explanation for accepting the separation allowance package, substantial evidence supports the Board's decision that claimant voluntarily left his employment without good cause. Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.