*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 10, 2016                518506
_____

In the Matter of WAYMAC, INC.,
    Doing Business as ALL
    COUNTY EXPRESS AIR SHUTTLE,
                    Appellant.
                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date: September 20, 2016

Before: Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ.

_____

        Roach Bernard, PLLC, Lynbrook (Seida R. Bernard of
counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Dawn
A. Foshee of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed May 8, 2013, as superceded by decision filed October
16, 2015, which, among other things, denied an application of
Waymac, Inc. to reopen a prior decision.

        Waymac, Inc., an airport shuttle service, requested a
hearing in connection with an initial determination from the
Department of Labor finding that Waymac was liable for additional
unemployment insurance contributions based on remuneration paid
to certain individuals deemed to be employees. Waymac appeared
at a scheduled hearing but was not prepared to proceed, resulting
in the first default decision, dated May 2, 2012, being entered.
Waymac applied to reopen that decision and, at the next scheduled
hearing, Waymac requested additional time to consult with
counsel. As a result, a second default decision, dated December

27, 2012, was entered.  Thereafter, Waymac again applied to reopen the decision but did not appear at the third scheduled hearing, apparently due to notice of the hearing not being timely received by Waymac's counsel.  In February 2013, the Administrative Law Judge (hereinafter ALJ) denied Waymac's application to reopen, entered a third default decision and closed the case, noting that any further recourse required an appeal to the Unemployment Insurance Appeal Board.  Upon administrative appeal, the Board, by decision filed May 8, 2013, dismissed the appeal and continued in effect the May 2, 2012 decision.  Waymac appealed from this decision.

During the pendency of that appeal,[1] the Board reopened the matter on its own motion and referred the matter back to an ALJ to treat the appeal as an application to reopen the three default decisions and determine whether the reasons offered amounted to good cause pursuant to 12 NYCRR 461.8.  The ALJ, considering the matters in reverse chronological order, found good cause for the defaults in February 2013 and December 2012.  Nevertheless, with regard to the May 2012 default decision, the ALJ found that Waymac did not present good cause for the five-month delay in applying to reopen the default decision, denied its application to reopen that decision and continued in effect the May 2, 2012 decision.  The Board, by decision dated October 16, 2015, affirmed.

Initially, we note that, although Waymac appealed only from the May 8, 2013 decision, the merits of the Board's October 16, 2015 decision are reviewable by this Court on the pending appeal as Waymac "is aggrieved by that decision 'in essentially the same manner' as [it] was by the appealed-from decision" (Matter of McCauley [Commissioner of Labor], 104 AD3d 973, 973 [2013],

---

[1]  It should be noted that this Court was informed by the Attorney General that the Board intended to reopen and reconsider the matter and requested that the appeal from the May 2013 decision be held in abeyance.  This Court was then notified about an October 16, 2015 decision by the Board that remained adverse to Waymac's interest, and Waymac was afforded the opportunity to file a supplemental brief with regard to that decision.

quoting Matter of Ford [Commissioner of Labor], 12 AD3d 955, 955 [2004]; see Matter of Hotaling [Commissioner of Labor], 8 AD3d 766, 766 [2004]; Matter of Mauskoff [Commissioner of Labor], 79 AD2d 790, 791 [1980]; Matter of Olan [Ross], 60 AD2d 113, 115-116 [1977]). Turning to the merits, "[t]he decision as to whether to reopen a case rests primarily within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Hughes [Commissioner of Labor], 136 AD3d 1085, 1086 [2016] [internal quotation marks and citations omitted]; see Matter of Tavares [Commissioner of Labor], 118 AD3d 1243, 1244 [2014]). Furthermore, where a party does not demonstrate good cause for a default, it is not an abuse of discretion for the Board to deny an application to reopen (see 12 NYCRR 461.8; Matter of New York City Chess Inc. [Commissioner of Labor], 130 AD3d 1125, 1126 [2015]; Matter of Bowe [Southern Tier Home Bldrs. Assn.-Commissioner of Labor], 121 AD3d 1150, 1151 [2014]). Here, the May 2012 default decision explicitly stated that an application to reopen the decision must be made within a reasonable time. The president of Waymac acknowledged that, after it was ascertained that the matter was beyond his attorney's expertise, he took no action with regard to an application to reopen that decision for five months. Under these circumstances, the Board's finding that there was no good cause shown for the five-month delay in seeking to reopen the default decision is supported by substantial evidence and will not be disturbed.

Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court