*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    December 8, 2016                    522002
_____

In the Matter of the Claim of
    JORDAN E. TRACY,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:    October 25, 2016

Before:    Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ.

_____

        Christopher Smith, Legal Services of Central New York,
Inc., Binghamton, for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Linda D. Joseph of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed January 16, 2015, as superceded by decision filed
September 20, 2016, which ruled that claimant was disqualified
from receiving unemployment insurance benefits because her
employment was terminated due to misconduct.

        Claimant, an operations supervisor at an electronics store,
was discharged from her employment after she consumed a soda from
the employer's cooler — on two separate occasions — without
paying for either.  The Unemployment Insurance Appeal Board,
reversing a decision of an Administrative Law Judge, denied her
application for unemployment insurance benefits on the basis that
she engaged in disqualifying misconduct.  Claimant appealed from
that decision.

Claimant contends that the Board improperly deemed her statement submitted on administrative appeal as untimely. We find that the issue is moot given that the Board subsequently reopened the January 16, 2015 decision for reconsideration – permitting claimant to submit the statement for the Board's consideration – and issued a new decision, dated September 20, 2016, which, among other things, again sustained the initial determination denying claimant's application for unemployment insurance benefits.[1]

Turning to the merits, "an employee's dishonesty or failure to comply with an employer's policy and procedures constitutes disqualifying misconduct" (Matter of Cappello [ELRAC LLC—Commissioner of Labor], 113 AD3d 952, 953 [2014]; see Matter of Bender [Olums of Binghamton, Inc.—Commissioner of Labor], 36 AD3d 1041, 1042 [2007]). Claimant was observed by other employees consuming the sodas, which did not have the employer's color-coded stickers indicating that claimant had paid for the items and did not appear in the employer's computer system as having been purchased. Claimant's assertion that she does not remember whether she took sodas without paying for them and, in any event, lacked any intention not to pay for them created a credibility issue for the Board to resolve. Given that substantial evidence supports the Board's decision, it will not be disturbed (see Matter of Briskie [Commissioner of Labor], 98 AD3d 786, 787 [2012]).

We have reviewed claimant's remaining contentions, including her argument regarding the employer's failure to

---

[1] We note that the merits of the Board's September 20, 2016 decision are reviewable by this Court on the pending appeal, "as claimant is aggrieved by [that] decision 'in essentially the same manner' as she was by the appealed-from decision" (Matter of McCauley [Commissioner of Labor], 104 AD3d 973, 973 [2013], quoting Matter of Ford [Commissioner of Labor], 12 AD3d 955, 955 [2004]; see Matter of Hotaling [Commissioner of Labor], 8 AD3d 766, 766 [2004]; Matter of Mauskoff [Commissioner of Labor], 79 AD2d 790, 791 [1980]; Matter of Olan [Ross], 60 AD2d 113, 115-116 [1977]).

produce the video surveillance tape, and find them to be without merit.

Peters, P.J., Garry, Egan Jr., Rose and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court