Matter of Mwanika (JM Murray Ctr., Inc.--Commissioner of Labor) (2021 NY Slip Op 01462)





Matter of Mwanika (JM Murray Ctr., Inc.--Commissioner of Labor)


2021 NY Slip Op 01462


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

531093

[*1]In the Matter of Komora M. Mwanika, Appellant. JM Murray Center, Inc., Respondent. Commissioner of Labor, Respondent.

Calendar Date: February 9, 2021

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Komora M. Mwanika, Cortland, appellant pro se.
Bond, Schoeneck & King, PLLC, Syracuse (Daniel J. Pautz of counsel), for JM Murray Center, Inc., respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.



Colangelo, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 2019, which denied claimant's application to reopen and reconsider a prior decision.
Claimant, a janitor, resigned from his employment after a dispute over a retroactive pay increase. Upon claimant's application for unemployment insurance benefits, the Department of Labor found that he was disqualified from receiving benefits on the ground that he had voluntarily separated from his employment without good cause. Claimant requested a hearing but, in advance of the hearing, he advised the Department that he would not appear based upon the pendency of his small claims action against the employer. As a result, a default decision was entered on October 23, 2018. After the small claims action was resolved with a settlement, claimant applied on April 9, 2019 to reopen the unemployment case.
Following a hearing at which claimant testified, an Administrative Law Judge (hereinafter ALJ) denied the application to reopen, finding that claimant had made a decision not to attend the hearing in order to await the outcome of his small claims matter, which did not constitute good cause for his nonappearance at the hearing, and that his application to reopen filed over five months after the default decision was not made within a reasonable time. On claimant's appeal, the Board affirmed. Claimant appeals.
We affirm. Initially, after reviewing the record, the Board expressly adopted the findings of fact and opinion of the ALJ, which were made after an evidentiary hearing (see Matter of Sorsby [Whitaker-Commissioner of Labor], 277 AD2d 618, 619 [2000]). Thus, contrary to claimant's contention, the Board satisfied the requirement that its decision "contain a statement of the issues, the findings of fact, the conclusions and the reasons therefor" (12 NYCRR 464.1 [a]; compare Matter of Mercado [American Para Professional Sys. of NYC, Inc.-Commissioner of Labor], 175 AD3d 1734, 1736 [2019]).
Addressing the merits of the Board's decision, "[a] case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time" (Matter of Zion [Commissioner of Labor], 175 AD3d 1683, 1684 [2019] [internal quotation marks and citation omitted], appeal dismissed 35 NY3d 938 [2020]; see 12 NYCRR 461.8; Matter of Schuler [LaserShip, Inc.-Commissioner of Labor], 175 AD3d 1688, 1689 [2019]). "The Board's decision to grant or deny an application to reopen is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Vitomsky [Commissioner of Labor], 171 AD3d 1388, 1389 [2019] [internal quotation marks and citations omitted]; see Matter of Becker [Commissioner of Labor], 108 AD3d 930, 931 [2013]).
Claimant's testimony established that, although he had notice of the hearing, he purposefully did not attend it solely because his small claims action was pending against [*2]the employer, and he did not move to reopen the case until after he settled that action. The Board reasonably concluded that this was a strategic decision that was made without a compelling reason and, consequently, that claimant had not shown good cause for his default. Moreover, the Board providently concluded that claimant's delay of over five months after his default in applying to reopen the case was "unreasonably long" (see Matter of Waymac, Inc. [Commissioner of Labor], 144 AD3d 1269, 1271 [2016]). To that end, the Board, like the ALJ, found that there was "nothing inherent in the small claims matter that required its completion prior to . . . claimant's application to reopen his unemployment case." Accordingly, given the failure to show good cause for the default and the lengthy delay in applying to reopen the default, we cannot say that the Board abused its discretion in denying claimant's application to reopen (see Matter of Schuler [LaserShip, Inc.-Commissioner of Labor], 175 AD3d at 1689-1690; Matter of Waymac [Commissioner of Labor], 144 AD3d at 1271).
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.