Matter of Absolute Home Health Care, Inc. (Commissioner of Labor) (2021 NY Slip Op 06121)





Matter of Absolute Home Health Care, Inc. (Commissioner of Labor)


2021 NY Slip Op 06121


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

531539
[*1]In the Matter of Absolute Home Health Care, Inc., Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 12, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Kula Law PC, Mt. Kisco (Sara Kula of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Garry, P.J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 26, 2019, which, among other things, denied an application by Absolute Home Health Care, Inc. to reopen and reconsider a prior decision.
Absolute Home Health Care, Inc. (hereinafter AHHC) is a licensed home care services agency that assists chronically ill patients with finding appropriate in-home nursing care. To provide these services to its patients, AHHC retains the services of both registered nurses and licensed practical nurses, among others. As a result of an investigation for 2012 and the first two calendar quarters of 2013, the Department of Labor issued a determination that, among other things, assessed AHHC additional unemployment insurance contributions based upon remuneration paid to the nurses, among others. In May 2014, AHHC objected to the determination and requested a hearing. At the scheduled hearing in January 2016, AHHC's managing director appeared on behalf of AHHC but informed the Administrative Law Judge (hereinafter ALJ) that he was not ready to proceed because AHHC's accountant was unavailable at that time due to a death in the family and because AHHC was still attempting to retain legal counsel to represent it at the hearing. As a result, on January 27, 2016, the ALJ entered a default decision sustaining the Department's determination. Thereafter, by letter dated October 16, 2017, AHHC applied to reopen the ALJ's default decision and to reconsider the Department's determination. Following a January 2018 hearing at which AHHC appeared through counsel and offered the testimony of its witness in support of its request to reopen, the ALJ denied the application to reopen, finding that the 20-month delay in applying for reopening was not reasonable and that good cause had not been established to grant AHHC's request for reopening. On administrative appeal, the Unemployment Insurance Appeal Board affirmed the decision of the ALJ and continued in effect the January 2016 default decision. AHHC appeals.
We affirm. "A case may be reopened following a default upon a showing of good cause if such request is made within a reasonable time" (Matter of Schuler [Lasership, Inc.-Commissioner of Labor], 175 AD3d 1688, 1689 [2019] [internal quotation marks and citations omitted]; accord Matter of Mwanika [JM Murray Ctr., Inc.-Commissioner of Labor], 192 AD3d 1300, 1301 [2021]; Matter of Zion [Commissioner of Labor], 175 AD3d 1683, 1684 [2019], lv dismissed 35 NY3d 938 [2020]; see 12 NYCRR 461.8). "The Board's decision to grant or deny an application to reopen is within the discretion of the Board and, absent a showing that the Board abused its discretion, its decision will not be disturbed" (Matter of Zion [Commissioner of Labor], 175 AD3d at 1685 [internal quotation marks and citations omitted]; see Matter of Waymac, Inc. [Commissioner of Labor], 144 AD3d 1269, 1270-1271 [2016]; Matter of Hardamon [Menorah Home & Hosp. for Aging-Commissioner of [*2]Labor], 17 AD3d 764, 765 [2005]; see generally Labor Law § 534; 12 NYCRR 463.6 [a]).
AHHC's managing director testified that AHHC was unprepared to proceed at the scheduled January 2016 hearing because it had not yet retained counsel and its accountant was unavailable due to a death in the family. The managing director also testified that, although AHHC had received and read the ALJ's January 2016 default decision advising it to make a request to reopen within a reasonable time, it was unable to do so because it experienced difficulty retaining counsel, its accountant remained unavailable to assist AHHC due to the death in the family, and it was undergoing an audit by the Department of Health at that time. However, the record reflects that the audit concluded in or about April 2016, and the Board providently concluded that AHHC's delay in not making its request to reopen until October 2017 was unreasonably long and neither excused by the audit nor the 20 months that it took to retain counsel. Accordingly, even if AHHC established good cause for being unprepared to proceed at the January 2016 hearing, we cannot say that the Board abused its discretion in denying AHHC's application to reopen given AHHC's lengthy delay in applying to reopen the ALJ's January 2016 default decision (see Matter of Mwanika [JM Murray Ctr., Inc.-Commissioner of Labor], 192 AD3d at 1302; Matter of Schuler [Lasership, Inc.-Commissioner of Labor], 175 AD3d at 1689-1690; Matter of Zion [Commissioner of Labor], 175 AD3d at 1685). To the extent that AHHC's remaining contentions are properly before us, they are either academic in light of our decision herein or have been considered and found to be without merit.
Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.