Matter of Svarczkopf (Commissioner of Labor) (2024 NY Slip Op 06087)

Matter of Svarczkopf (Commissioner of Labor)

2024 NY Slip Op 06087

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CV-23-0951
[*1]In the Matter of the Claim of Walter Svarczkopf, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

Walter Svarczkopf, Walden, appellant pro se.
Letitia James, Attorney General, New York City (Dawa Jung-Acosta of counsel), for respondent.

Mackey, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 15, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Claimant, the sole owner and employee of a subchapter S corporation engaged in providing project management services, filed a claim for pandemic unemployment assistance (hereinafter PUA) (effective February 3, 2020), and a weekly benefit rate was established. In April 2020 and February 2021, claimant applied for and received two business loans through the federal Paycheck Protection Program (hereinafter PPP) — with a portion of each loan allocated to claimant's wages. At claimant's direction, the business cut four checks to claimant in his capacity as an employee. The payments were designated as salary with deductions for income and other payroll taxes, and claimant declared these payments as income on his 2020 and 2021 personal income tax returns.
Claimant certified for benefits online for the weeks ending March 30, 2020 through May 2, 2021 and indicated that, during each of the weeks in question, he worked zero days and did not earn more than the weekly benefit rate. As a result of his certifications, and by his own admission, claimant received federal pandemic unemployment compensation (hereinafter FPUC) and PUA benefits.
By notice of determination dated June 28, 2022, the Commissioner of Labor found that claimant was ineligible to receive benefits from March 30, 2020 to May 2, 2021 upon the ground that claimant was not totally unemployed and/or earned more than the maximum weekly benefit rate during the claim period. Claimant also was charged with a recoverable overpayment of the PUA benefits and FPUC benefits, and a monetary penalty — premised upon claimant's willful misrepresentations in order to obtain benefits — was imposed.[FN1] Following a hearing, an Administrative Law Judge (hereinafter ALJ) found that, under the new reporting requirements (see 12 NYCRR 470.2 [h] [effective Jan. 18, 2021]), claimant's representations as to the nine weeks at issue in 2021 did not constitute willful misrepresentations, modified the initial determination by directing the Department of Labor to recalculate the penalty and otherwise affirmed. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed the ALJ's decision. This appeal by claimant ensued.
We affirm. Preliminarily, we reject claimant's assertion that the Board failed to properly consider the issues raised upon his administrative appeal. The record reflects that, "after reviewing the record, the Board expressly adopted the findings of fact and opinion of the ALJ, which were made after an evidentiary hearing . . . , [thereby] satisf[ying] the requirement that its decision 'contain a statement of the issues, the findings of fact, the conclusions and the reasons therefor' " (Matter of Mwanika [JM Murray Ctr., Inc.-Commissioner of Labor], 192 AD3d 1300[*2], 1301 [3d Dept 2021], quoting 12 NYCRR 464.1 [a]).
Turning to the merits, "[w]hether a claimant is totally unemployed is a question of fact for the Board to resolve and its determination will not be disturbed when supported by substantial evidence" (Matter of Ramdhani [Commissioner of Labor], 98 AD3d 1183, 1184 [3d Dept 2012] [internal quotation marks and citations omitted]; see Matter of Cardella [Commissioner of Labor], 179 AD3d 1367, 1368 [3d Dept 2020]). Here, the ALJ and the Board concluded that claimant was not totally unemployed during each of the five weeks ending April 5, 2020 through April 26, 2020 and the week ending May 31, 2020 because claimant worked one day each week and, further, earned in excess of the maximum weekly benefit rate. The ALJ and the Board further found that, with respect to the nine weeks ending March 7, 2021 through May 2, 2021, claimant earned in excess of the weekly benefit rate and, hence, was ineligible to receive benefits.
Contrary to claimant's assertion, substantial evidence supports the finding that the PPP funds received by him indeed constituted earnings for purposes of determining his eligibility for benefits. The bulk of the PPP funds were disbursed to claimant via four checks that, in turn, designated those payments as salary with appropriate deductions for income and payroll taxes. Although claimant testified that, based upon the advice of his accountant, he did not view these moneys as income or salary, he nonetheless declared such payments as income on his 2020 and 2021 personal income tax returns. As the weekly payment for each pay period at issue — calculated by dividing claimant's gross earnings by the number of weeks in each pay period — exceeded the maximum weekly benefit rate, substantial evidence also supports the finding that claimant earned in excess of the statutory maximum during the relevant time period (see Labor Law § 590 [5]) and, therefore, was not totally unemployed.[FN2] Substantial evidence further supports the finding that, as to the five pay periods at issue in April and May 2020, claimant was not totally unemployed because he worked one day each week. "[A] claimant who is a principal in an ongoing corporation will not be considered totally unemployed no matter how minimal the activities performed on behalf of the corporation or the fact that it may not be profitable or fully operational" (Matter of Connell [Commissioner of Labor], 82 AD3d 1437, 1438 [3d Dept 2011]; see Matter of Lewis [Commissioner of Labor], 106 AD3d 1313, 1313 [3d Dept 2013]; Matter of Bernard [Commissioner of Labor], 53 AD3d 1006, 1006 [3d Dept 2008]). Claimant acknowledged that, between March 30, 2020 and May 2, 2021, he solicited clients for his business by telephoning or emailing business contacts or previous clients and inquiring as to their need for a program manager.[FN3] Although claimant devoted less than one hour each week to this activity, he conceded that there was the potential for him to generate income [*3]from such efforts. As claimant stood to benefit financially from his efforts to further the continued operation of his business, he cannot be considered totally unemployed during the 2020 periods at issue (see Matter of Carmody [Commissioner of Labor], 228 AD3d 1203, 1204-1205 [3d Dept 2024]).
Claimant's remaining arguments do not warrant extended discussion. "Given the Board's finding that claimant was not totally unemployed and therefore ineligible for unemployment insurance benefits under state law, claimant was also not eligible to receive federal pandemic assistance" (id. at 1205-1206 [internal quotation marks and citations omitted]; see Matter of Cabrera [Commissioner of Labor], 215 AD3d 1208, 1210 [3d Dept 2023]), and such payments were therefore properly recoverable (see Matter of Cruz [Commissioner of Labor], 215 AD3d 1203, 1204 [3d Dept 2023]; Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022]). Further, in light of claimant's failure to fully disclose his business-related activities, substantial evidence supports the Board's finding that claimant made willful misrepresentations in order to obtain benefits, thereby subjecting him to the imposition of a monetary penalty (see Matter of McNamara [Commissioner of Labor], 215 AD3d 1215, 1216-1217 [3d Dept 2023]; Matter of Cruz [Commissioner of Labor], 215 AD3d at 1205). Finally, the provisions of Labor Law § 597 (3), imposing a one-year limitation upon revising benefit determinations, is of no aid to claimant here, as the statute neither applies to the recovery of federal benefits (see 20 CFR 625.14 [e]; see generally Matter of Bellantoni [Commissioner of Labor], 219 AD3d 1106, 1108 [3d Dept 2023] [federal pandemic assistance recoverable regardless of a claimant's fault or misrepresentations], lv dismissed 41 NY3d 1014 [2024]) nor to determinations involving a claimant's willful misrepresentations (see Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d 1200, 1201 [3d Dept 2018]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Ceresia and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although claimant was found to be ineligible to receive benefits for the entirety of the claim period (March 30, 2020 to May 2, 2021), the recoverable overpayment of federal benefits applied to only 14 of the weeks within that period — corresponding to the weeks during which the Department of Labor determined that claimant earned more than the maximum weekly benefit rate.

Footnote 2: Although claimant believed that he could simultaneously obtain proceeds from the PPP loans and collect pandemic benefits, the record is devoid of evidence that the Department affirmatively advised claimant that the moneys he received out of the PPP proceeds were anything other than salary. In any event, "the doctrine of equitable estoppel cannot generally be invoked against governmental agencies in the exercise of their governmental function, unless there has been a showing of fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon" (Matter of B & V Contr. Enters., Inc. [Commissioner of Labor], 148 AD3d 1479, 1482 [3d Dept 2017] [internal quotation marks and citations omitted]).

Footnote 3: "Total unemployment" previously "was defined as the total lack of any employment on any day" (Matter of Carmody [Commissioner of Labor], 228 AD3d 1203, 1204 [3d Dept 2024] [internal quotation marks and citation omitted]). Effective January 18, 2021, the rules governing the calculation of "days of employment" changed, as a result of a which a claimant who has worked four hours or less each week is "deemed to have engaged in zero days of employment" (12 NYCRR 470.2 [h] [2]). Given claimant's testimony that he only spent one hour or less each week soliciting clients, the ALJ and the Board properly concluded that claimant accrued zero days of employment for the nine weeks at issue in 2021.